CHARLES H. PRINDLE, as Administrator, etc., of SARAH L. PRINDLE, and Another, Appellants, v. ROCKLAND TRANSIT CORPORATION, Respondent.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

ROSE W. SAX, Doing Business under the Firm Name and Style of HAAS STUDIOS, Respondent, v. LAWRENCE R. HOUSTON and GUARANTY TRUST COMPANY OF NEW YORK, Executors, etc., of DAVID F. HOUSTON, Deceased, Appellants.— Motion for leave to appeal to the Appellate Division granted. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

FRANK S. SHIELDS and Another, Appellants, v. PINE HILL CRYSTAL SPRING WATER COMPANY, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

FANNIE WEISER, Appellant, v. MORTGAGE COMMISSION TRUSTEE CORPORATION, as Trustee for Certificate Holders of Series or Guarantee No. 212241 of Bond and Mortgage Guarantee Company, under a Declaration of Trust, Dated the 6th Day of July, 1938, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

AMERICAN MOTORISTS INSURANCE COMPANY, Appellant, Respondent, v. MURRAY EDELMAN and LYDIA EDELMAN, Individually and Doing Business under the Firm Name and Style of " Murray's Garage," Respondents, Appellants, and THEODORE MERTZ, Respondent.— Action in indemnity by an insurer-subrogee to recover the amount paid in settlement of an action for personal injuries. Order dated July 22, 1941, denying plaintiff's motion to strike out certain denials and the separate defenses in the answer of defendant Mertz, affirmed, without costs. No opinion. Order dated October 16, 1941, denying in part and granting in part plaintiff's motion to strike out certain denials and the separate defenses in the answer of defendants Edelman, modified on the law by striking out the second ordering paragraph, and, as thus modified, the order is affirmed, with ten dollars costs and disbursements to respondents-appellants Edelman. The defenses do not appear on their faces to be insufficient in law, and their suspected falsity is not sufficiently demonstrated by the limited showing of facts. The county clerk's file in the action of *Dukes* v. *Rosoff* (No. 7443–1939) is erroneously referred to as No. 7433 in the papers on appeal. It does not contain the public record evidence claimed in plaintiff's moving affidavits. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.