■ MELVIN SLOAN et al., Appellants, v. PINAFORE HOMES INC., Respondent.— In an action by vendees for specific performance of a contract to sell real property, plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County, dated January 4, 1971 and made upon the trial court's decision, in favor of plaintiffs against defendant corporation in the amount of $3,469 with interest and in favor of defendant against plaintiffs for costs and disbursements taxed at $343.75; and (2) an order of the same court, dated July 23, 1971, which denied plaintiffs' motion for reconsideration. Judgment modified by adding thereto a decretal paragraph that (a) the $343.75 award to defendant is offset against plaintiffs' $3,469 award, making a net recovery to plaintiffs of $3,125.25 plus interest, and no net recovery to defendant; and (b) plaintiffs are granted a vendees' lien for said $3,125.25, plus interest, upon the subject real property or upon any proceeds substituted in lieu thereof. As so modified, judgment affirmed. Appeal from order dismissed. No appeals lie from such an order and, in any event, the appeal from the order is academic in view of the determination herein on the appeal from the judgment. Plaintiffs are awarded a single bill of costs, to cover both appeals. In our opinion, the trial court

should have offset defendant's smaller recovery, for costs, against the plaintiffs' larger recovery and then awarded a net judgment in plaintiffs' favor for the balance, to wit, $3,125.25, plus interest. Setting off one recovery against another is a procedure recognized by the textbooks and authorities (*Neenan* v. *Woodside Astoria Transp. Co.,* 261 N. Y. 159, 163; cf. *Matter of Weiser* v. *City of New York,* 16 A D 2d 666). Plaintiffs' recovery on their claim and defendant's recovery for costs are mutual debts and, in such case, only the balance is owing (see *Prindle* v. *Rockland Tr. Corp.,* 263 App. Div. 1010; cf. *Braun* v. *Finger,* 113 N. Y. S. 573). The trial court also erred in not granting plaintiffs a vendees' lien on the subject property. Upon the execution of a contract for the sale of real property and part payment, the contract vendee becomes equitable owner *pro tanto* of the subject property and enjoys an equitable lien thereon (*Engel* v. *Tinker Nat. Bank,* 269 F. Supp. 199; *Elterman* v. *Hyman,* 192 N. Y. 113, 125). The fact that plaintiffs were unsuccessful in that they were not granted specific performance and were limited by this court on a prior appeal to the recovery of their down payment and the cost of their title examination (see *Sloan* v. *Pinafore Homes,* 34 A D 2d 681) does not deprive them of such vendees' lien on the subject property (CPLR 3002, subd. [f]; *Rait* v. *Netlee Constr. Corp.,* 283 App. Div. 1099; *Bulkley* v. *Rouken Glen, Inc.,* 222 App. Div. 570). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.