OPINION OF THE COURT
Con. G. Cholakis, J.
Joined for treatment are two related CPLR article 78 proceedings by which the petitioners, Ellis Hospital and the Hospital Association of Northeastern New York, place in issue the effect of the respondents’ alleged noncompliance with statutory notification requirements concerning the hospitals’ Blue Cross reimbursement rates and Medicaid rates. More specifically, the petitioners complain that they were not given notice of the new rates at least 60 days prior to the commencement of their fiscal years as required by the relevant subdivision 4 of section 2807 of the Public Health Law. (By regulation, each of the petitioners’ fiscal years is the calendar year [10 NYCRR 86-1.3(a)].) In the first of the above-captioned article 78 proceedings, the respondent, Blue Cross, recently joined by court order as a party, has not served its answer, but, rather, has elected to move for dismissal upon objections in point of law (CPLR 7804, subd [f]), asserting that the proceeding was not timely commenced and is barred pursuant to the four-month Statute of Limitations contained in CPLR 217. The timeliness of each proceeding is otherwise placed in issue by the affirmative defenses contained in the answers served on behalf of the State respondents.
The Public Health Law of New York State (art 28) provides for the establishment of hospitals and the rates which they are entitled to receive for their services from insurance companies (Blue Cross of Northeastern New York, Inc.) and from governmental agencies (Medicaid). These rates of compensation must be approved by the Superintendant of Insurance in the case of Blue Cross and by the State Director of the Budget in the case of Medicaid (Public Health Law, § 2807, subd 2, par [a]), and, as above *103 noted, each hospital must be notified of its approved rates by the Commissioner of Health at least 60 days prior to the fiscal year for which the rates are to become effective (Public Health Law, § 2807, subd 4). As is also above noted, the fiscal year of each of the petitioners is the calendar year and, accordingly, it is agreed that notification of rates for the year 1980 should have been made no later than November 2, 1979. In 1979, however, the State Department of Health adopted a new rate-setting methodology and, apparently because of difficulties encountered in implementing the same, neither the Blue Cross nor the Medicaid rates were fixed by the November 2 deadline and notification of final rates was not made to the petitioners until sometime thereafter. (It should be here noted that the Department of Health regulations setting forth the new rate-setting methodology were not filed with the Secretary of State until November 7,1979.)
In support of their Statute of Limitations argument, the respondents urge that the petitioners were aggrieved, if at all, by the failure to receive notification on November 2, and that, accordingly, November 2 must be considered as the date which triggers the running of the statute thereby causing these proceedings, commenced April 11, 1980, to be untimely. The court cannot agree. CPLR 217 provides, in pertinent part: “[A] proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner”. Realistically viewed, these proceedings challenge the procedure employed in the fixing of the subject rates and, to this court’s mind, the causes of action accrued only when the rates were finally fixed and became binding upon the petitioners. Indeed, it was not until the rates were finally fixed that the petitioners had reason to institute these proceedings (Matter of Martin v Ronan, 44 NY2d 374, 380). The Blue Cross rates did not become finally fixed and binding until notification was given on March 31, 1980 and, notwithstanding the respondents’ alternative argument that the notification statute was substantially complied with in the case of the Medicaid rates, this court finds that the statute was not substantially complied with and notification of the Medi *104 caid rates was not timely accomplished. (In the case of the petitioner, Ellis Hospital, it is found that notification of the Medicaid rates was made on January 7, 1980, and that the earlier notification given petitioners' of estimated, unapproved rates which were thereafter revised cannot be deemed substantial compliance with the notification requirement of section 2807.)
Rejection of the Statute of Limitations defense necessitates treatment of the merits of the' controversy. Succinctly stated, it is the petitioners’ position that under the statute (Public Health Law, § 2807, subd 4) they were entitled to receive notice of their rates for 1980 no later than November 2, 1979, and that failure of the State respondents to provide notice on November 2 renders the ultimate determination of rates to be null and void. To be noted is that the petitioners in this proceeding do not challenge the propriety of the rates, but only, as stated, the effect of the untimeliness of the notification of the rate determinations. The propriety of the rates’ amount is presently the subject of administrative appeal and may not be considered until administrative review is completed. (See Ellis Hosp. v Axelrod, Supreme Ct, Rensselaer County, May 16, 1980, Hughes, J.)
The petitioners’ stated position is rejected. Initially, the court is impressed that the result urged by the petitioners (that the State respondents are stripped of their rate-making authority upon their failure to comply with the time notification requirements of the statute) is, to this court’s mind, completely undesirable in view of the attendant public need and the sensitivity of the respondents’ functions. It is then noted that there is no authority compelling this result and no language has been employed by the Legislature to suggest the same. The appropriate rule is familiar and well established. In the absence of language forbidding a public officer from performing an act at other than the time stated in a statute, the time period expressed is to be construed as directory and not mandatory (Matter of Brenner v Bruckman, 253 App Div 607, 610). The rule has recently been restated by the Appellate Division, Third Department, in the case of Matter of Sullivan v Siebert *105 (70 AD2d 975, 975-976), where it is written: “This court stated in Matter of Rochester Gas & Elec. Corp. v Maltbie (272 App Div 162) that, where a public officer is required to perform an act within a specified time, it will be considered as directory only, unless the nature of the act to be performed or the language used by the Legislature shows that the designation of the time was intended as a limitation of the power of the officer. The absence of words in this statute which would render the performance of the act illegal if compliance is not made by the due date leads to the conclusion that the statute is merely directory. If we look, as well, to the purpose of the statute for further clarification of the nature of the statute, we find that it was intended ‘merely to secure system, uniformity, and dispatch in the public business’ (McKinney’s Cons Laws of NY, Book 1, Statutes, § 172, p 336).”
The court’s conclusion that the respondents were possessed of the authority to determine the rates at a late date does not, however, entirely dispose of the issues presented. Each of the parties has found it necessary to deal with, and rely in part, upon the case of Jewish Mem. Hosp. v Whalen (47 NY2d 331). Jewish Mem. dealt with the retroactive rate setting of Blue Cross rates for hospitals for the year 1976 and found, in the peculiar circumstances there attendant, that retroactive rate making was proper. While this court cannot agree that Jewish Mem. prohibits the late determination of rates as done in the instant matter, the court is convinced that the only comfortable reading of Jewish Mem. compels the conclusion that retroactive rate setting is prohibited absent specific legislative authorization, and the respondents’ attempts in the instant matters to determine rates retroactively must be declared a nullity. It is, accordingly, reasoned that the Blue Cross and Medicaid rates fixed by the respondents were properly fixed prospectively only and are to be deemed to have become effective 60 days from the dates of final notification. These rates, then, will be the effective, controlling rates from such dates forward unless they be set aside by reason of determinations made in the presently pending administra-: tive appeal concerned with their sufficiency.
Remaining for treatment is consideration of the question *106 of the rates which are to be applied from the beginning of the fiscal (and calendar) years of the petitioners to the time of the effectiveness of. the newly fixed rates. The parties have suggested that this court fashion various remedies in the event it reached one or more of several possible conclusions. While the court has considered the parties’ urgings in this regard, and while it is mindful of the court’s power upon these proceedings to fashion an appropriate remedy, it is found that the suggestions of the parties for the most part must be rejected. The court, it is felt, should refrain from any determination which approaches the rate-making function of the administrative respondents. Since, in this court’s judgment, the new rates did not become effective until 60 days after the petitioners had been notified of them, the 1979 rates automatically continued until replaced. The adequacy of petitioners’ reimbursement for those periods of 1980 during which the 1979 rates were in effect must, of necessity, be considered by the respondents during the administrative appeals which are pending in determining the propriety of the new rates for the balance of 1980. Should such appeals be already completed, these matters are remanded for further consideration in line with this opinion.
The petitioners may submit judgment in each of the above proceedings in accordance with the above against all respondents except Blue Cross of Northeastern New York, Inc. As to that respondent, its motion to dismiss is denied and the proceeding severed to allow for service of an answer and further proceedings pursuant to CPLR 7804 (subd [f]).