■ In the Matter of CABRINI MEDICAL CENTER, Respondent, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents, and BLUE CROSS AND BLUE SHIELD OF GREATER NEW YORK, Appellant.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered September 19, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Health, and directed respondents to recompute petitioner's 1973 Blue Cross rate for the last six months of that year.

The issue here is whether respondent Blue Cross and Blue Shield of Greater New York (Blue Cross) was required to include a community service factor in computing petitioner's reimbursement rate for the second half of 1973. Petitioner, a New York City hospital, has been a party to a reimbursement

agreement with Blue Cross since 1935. Under the agreement, petitioner was reimbursed according to a reimbursement rate methodology promulgated by Blue Cross. This reimbursement formula was subject to approval by respondent Commissioner of Health and the Superintendent of Insurance (see, Public Health Law § 2807).

In 1973, petitioner expanded from a 288-bed facility to a 478-bed facility. This expansion caused petitioner to have high expenses and decreased revenues. Because of this expansion, Blue Cross treated petitioner as if it were a new hospital. This affected petitioner's reimbursement rates. Normally, petitioner's reimbursement rate for 1973 would be calculated on the basis of its cost data for 1971, subject to certain adjustments. However, because it was treated as a new hospital, its reimbursement rate was adjusted retrospectively to take into account the effect its expansion had on revenues and costs. In determining this rate, Blue Cross did not include a community service factor, which was a reimbursable expense under its formula designed to subsidize below-cost or free outpatient services. Inclusion of this factor would have increased significantly the amount of petitioner's reimbursement.

Petitioner appealed to Blue Cross challenging the failure to include the community service factor for the latter half of 1973. Blue Cross denied the appeal, asserting that "it has been Plan policy not to include a Community Service Factor in the rates of those hospitals which had 1973 rates calculated retrospectively rather than prospectively, and the Committee sees no basis for an exception to that policy here". Petitioner then appealed to the Commissioner. Approximately eight years later, the Commissioner finally denied the appeal.

Petitioner then brought the instant CPLR article 78 proceeding seeking to annul the Commissioner's determination. Special Term granted the application and ordered respondents to recalculate the rate for the second half of 1973 to include the community service factor. Blue Cross appeals from this judgment.

We find inapposite the parties' argument as to whether Blue Cross' action was violative of the administrative law principle that a decision cannot be based upon an unwritten across-the-board policy. Blue Cross is a not-for-profit corporation organized under Insurance Law article 43. It is not an administrative agency (see generally, 1 Davis, Administrative Law § 1:2, at 3 [2d ed]), and administrative law principles requiring publication of rules or regulations do not apply to it (see

*generally,* NY Const, art IV, § 8; Executive Law § 102 [1] [b]; State Administrative Procedure Act § 102 [1]; § 202).

We further find, however, that Blue Cross' failure to include the community service factor was contrary to law. Under the statutes and regulations which existed during the relevant time, the awarding of the community service factor was held to be discretionary *(see, Matter of Presbyterian Hosp. v Ingraham,* 48 AD2d 491, *affd* 39 NY2d 867; 10 NYCRR former 86.2 [d]). The discretionary nature of the decision, however, was whether or not to include the community service factor in the rate formula in the first instance. Once Blue Cross included the factor in its reimbursement formula and the formula was approved by the appropriate agencies, Blue Cross did not have discretion to disregard its own rate setting formula. Allowing Blue Cross to disregard its approved formula would negate the effectiveness of the legislative scheme for a methodology approval *(see,* Public Health Law former § 2807 [3]).

Here, petitioner was reimbursed under the formula developed for new hospitals. Since Blue Cross' treatment of petitioner as a new hospital has not been challenged in this proceeding, we do not need to decide whether that action was outside the method approved by the Commissioner. Our inquiry is limited to whether the approved method in 1973 required reimbursement for the community service factor to new hospitals. The procedures in effect in 1973 required that Blue Cross include the community service factor in its reimbursement formula for new hospitals. Chapter 12 of the approved reimbursement method stated that rates of payments to new facilities are to be based on the per diem "reimbursable expense" of the facility. Chapter 2 included the community service factor as a "reimbursable expense". Accordingly, Blue Cross was bound by the approved formula to include the community service factor.

Judgment affirmed, with costs to petitioner. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur.