■ JOHN RIVERS et al., Respondents, v BARRY DEANE, Individually and Doing Business as BARRY DEANE CONSTRUCTION, Appellant. [619 NYS2d 419] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment of Supreme Court awarding plaintiffs damages for defendant's breach of contract for the construction of an addition to plaintiffs' home. Defendant in his brief challenges only that aspect of the judgment that awarded damages to plaintiffs for the difference between the market value of the structure had it been completed pursuant to the terms of the contract and the market value of the structure as actually completed. We agree with defendant's assertion that the record does not support the court's award for diminution in value, because no such proof was presented.

At trial plaintiffs produced two experts who testified that defendant failed to construct the addition in a good and workmanlike manner. They further testified that the inadequate structural support of the addition rendered unusable the third floor of the addition, which plaintiffs had intended to use as a master bedroom and bathroom. The appeal by defendant, as limited by his brief *(see, Ciesinski v Town of Aurora,* 202 AD2d 984; *Hodge v LoRusso,* 181 AD2d 1009), does not contest those findings of fact.

The general rule in cases of faulty construction is that the measure of damages is the market value of the cost to repair the faulty construction *(see, American Std. v Schectman,* 80 AD2d 318, *lv denied* 54 NY2d 604). The court erred in applying the "difference in value rule", as initially set forth by Justice Cardozo in *Jacob & Youngs v Kent* (230 NY 239, 241), which is limited to instances where the builder's failure to perform under a construction contract is "both trivial and innocent", such that damages may be measured by the diminution in value of the building rather than the cost of tearing

apart the structure and properly completing the project. Where, as here, the defect arising from the breach of the contract "is so substantial as to render the finished building partially unusable and unsafe, the measure of damage is 'the market price of completing or correcting the performance' " *(Bellizzi v Huntley Estates,* 3 NY2d 112, 115, quoting 5 Williston, Contracts § 1363, at 3825 [rev ed]). Thus, on the facts found by the court, plaintiffs are entitled to the market value of the cost of correcting the deficiencies in the addition arising from defendant's breach.

The trier of fact is in the best position to evaluate the credibility of the witnesses, who gave conflicting testimony concerning the cost of repair to the addition. Therefore, we modify the judgment appealed from by vacating the court's award of $10,000 for diminution in value due to inadequate structural support, and we remit the matter to Supreme Court for further findings of fact on the actual cost of repair for inadequate structural support and direct that judgment be entered accordingly. (Appeal from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—Breach of Contract.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Davis, JJ.