■ In the Matter of LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Appellants, v LORNA McBARNETTE, as Acting Commissioner of Health of the State of New York, et al., Respondents. [628 NYS2d 418] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 17, 1994 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, invalidate the revised 1989 outpatient reimbursement rates paid to them by respondent Empire Blue Cross and Blue Shield.

Petitioners are 14 hospitals located throughout the southern area of New York. Respondent Empire Blue Cross and Blue Shield (hereinafter Empire) is a not-for-profit insurance corporation organized pursuant to Insurance Law article 43. Empire reimburses petitioners for, *inter alia*, outpatient services rendered to Empire's subscribers based either upon the hospital's actual costs incurred or upon a formula set by Empire (hereinafter the Empire methodology). In the latter case respondent Commissioner of Health must determine that Empire's reimbursement rates are "reasonable and adequate to meet the costs * * * incurred by efficiently and economically operated facilities" (Public Health Law § 2807 [3] [as amended by L 1988, ch 2, § 24]; *see*, 10 NYCRR 86-1.2 [a] [1], [2]).

The Empire methodology contains, *inter alia*, a provision which limits the amount of each hospital's reimbursement to the actual costs incurred by that hospital during a given rate period (hereinafter the plan service limitation). Empire submitted its proposed 1989 outpatient reimbursement rates, which were calculated using the Empire methodology, to the Commissioner in November 1988. These rates were certified by the Commissioner on February 7, 1989 (hereinafter the initial 1989 rates).

Following a 1991 audit of the 1989 financial records of hospitals reimbursed for services provided to Empire's subscribers, Empire concluded that its payments to petitioners exceeded their actual costs during the 1989 rate year. Empire then presented, for the Commissioner's approval, its revised 1989 outpatient reimbursement rates for petitioners (hereinafter the revised 1989 rates) which, according to the plan service limitation, reduced the amount of reimbursements to petitioners' actual costs during the 1989 rate year. The Commissioner approved the revised 1989 rates (*see*, 10 NYCRR 86-1.8 [a]). Upon notification of this approval, each petitioner filed a rate appeal with Empire. As a result, seven petitioners received no reduction in their reimbursement from Empire.

Petitioners then commenced the instant proceeding pursuant to CPLR article 78 contending that (1) the Commissioner's certification of the revised 1989 rates was arbitrary because the rates were based upon the plan service limitation, (2) the Commissioner's approval of the Empire methodology contravened Public Health Law § 2807 (7) (b) (as amended by L 1988, ch 2, § 24) and was retroactive rule making, and (3) the Commissioner's approval of the Empire methodology consisted of de facto rule making which was impermissibly at variance with the provisions of NY Constitution, article IV, § 8 and the State Administrative Procedure Act. In a decision dated February 2, 1994, Supreme Court rejected petitioners' claims of error, upheld the Commissioner's approval of the revised 1989 rates and dismissed the petition. Petitioners now appeal.

The judgment of Supreme Court should be affirmed.

Petitioners' argument, that the Commissioner's approval of the Empire methodology and certification of the revised 1989 rates amounted to establishing the plan service limitation as a de facto rule requiring it to be promulgated pursuant to the notice and filing provisions of State Administrative Procedure Act § 202 and NY Constitution, article IV, § 8, is without merit. These provisions only apply to State agencies or departments (*see*, NY Const, art IV, § 8; State Administrative Procedure Act §§ 102, 202) and not to private entities (*see*, *Motor Vehicles Mfrs. Assn. v State of New York*, 75 NY2d 175, 188; *see also*, *People v Granatelli*, 108 Misc 2d 1009, 1014). Consequently, Empire, a private corporation, was not required to comply with these provisions (*see*, *Matter of Cabrini Med. Ctr. v Axelrod*, 120 AD2d 909, 910-911). Further, the Commissioner's approval of the revised 1989 rates did not constitute the Commissioner's "application" of the plan service limitation which would be necessary to establish it as a de facto rule (*see*, *supra*).

Petitioners' contention, that the Commissioner's approval of the initial 1989 rates after the 1989 rate period had commenced violated Public Health Law § 2807 (7) and constituted retroactive rate making requiring that both the initial 1989 rates and the revised 1989 rates be annulled, must be rejected as this issue was not raised in Supreme Court. Since the issue is raised for the first time on appeal, it will not be considered by this Court (*see, Matter of Granger & Sons v State of New York Facilities Dev. Corp.*, 207 AD2d 596, 597). Further, to the extent that petitioners' contention challenges the Commissioner's approval of the initial 1989 rates, it is untimely since it should have been raised within four months of February 1989, the date when the initial rates were determined (*see, Matter of Village of Westbury v Department of Transp.*, 75 NY2d 62, 72; *cf., Matter of Ellis Hosp. v Axelrod*, 105 Misc 2d 101, 103-104).

Also without merit is petitioners' claim that the Commissioner's approval of the revised 1989 rates was unreasonable because it was based upon a consideration of the plan service limitation rather than the requirements of Public Health Law § 2807 (3). The Commissioner must certify the reasonableness of Empire's rate schedules (*see,* Public Health Law § 2807 [3]) only "in instances where such rates are determined on the basis of a cost based formula or other than full charges" (Public Health Law § 2807 [7] [b]). In the case at bar, since the plan service limitation was applied, the revised 1989 rates were based upon the full charges incurred by each petitioner for outpatient services rendered to Empire's subscribers. Thus, under Public Health Law § 2807 (7) (b), the revised 1989 rates were not subject to the requirements of Public Health Law § 2807 (3). Additionally, the Commissioner indicated that the initial 1989 rates were provisional and, under the applicable regulations, subject to reduction after an audit (*see,* 10 NYCRR 86-1.8 [a]).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.