■ GRANADA CONDOMINIUM I, Appellant-Respondent, v MARY R. MORRIS, Respondent-Appellant. [639 NYS2d 91]

The defendant purchased a condominium unit from the plaintiff in 1986. At that time, the defendant informed the plaintiff's Board of Managers and superintendent that the unit had a water leakage problem. Under the plaintiff's Offering Plan, the plaintiff was responsible for the prompt repair of this problem. The plaintiff's delay in making repairs caused damages to the defendant's unit. The plaintiff and the defendant entered into an agreement, whereby the defendant would have her monthly common charge payments held in escrow until the matter was remedied. Certain repairs were eventually made, and the plaintiff commenced this action to recover unpaid common charges. The defendant asserted a counterclaim for an offset of damages to her unit. The trial court granted judgment in favor of the plaintiff and awarded the defendant an offset of damages to her unit.

The plaintiff contends that the award of an offset to the defendant was against the weight of the evidence. We disagree. The Supreme Court's decision to award the defendant an offset of $12,200 for repairs to her two bathrooms was a fair interpretation of the evidence and in accord with the plaintiff's Offering Plan.

The plaintiff was entitled to the reasonable attorney's fees it incurred to recover the defendant's unpaid common charges (see, Frisch v Bellmarc Mgt., 190 AD2d 383; Board of Mgrs. v Shandel, 143 Misc 2d 1084). Reasonable attorney's fees are properly awarded when authorized by agreement, statute, or court rule (see, Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1). The plaintiff's by-laws specifically provided that the plaintiff was entitled to collect reasonable attorney's fees it incurred trying to foreclose a lien for common charges.

We further find that the trial court's determination that $5,180.85 for attorney's fees in this type of matter was appropriate. In determining what is reasonable compensation for an attorney, the court may consider a number of factors including "the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts*, 213 App Div 59, 62, *affd* 241 NY 593; *see also, Matter of Bobeck*, 196 AD2d 496). The court is not required to accept at face value an attorney's summary of the hours expended *(see, Matter of Bobeck, supra)*. In this case, the plaintiff's attorney sought an award of attorney's fees almost equal to the total amount owed to the plaintiff and greater than the plaintiff's actual award after the defendant's offset. This was a routine collection matter. Most of the plaintiff's legal fees were incurred in defending itself against the defendant's counterclaim for an offset. The plaintiff is not entitled to those fees.

While we also find that the plaintiff was entitled to late charges and interest on the unpaid common charges, the plaintiff was not entitled to late charges and interest from December 1987 through May 1989, during which period the plaintiff and the defendant agreed that the common charges would be held in escrow. Accordingly, the matter is remitted to the Supreme Court, Westchester County, to compute the amounts of interest and late fees owed to the plaintiff.

The defendant's remaining contention is without merit. Bracken, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.