■ OWEN MUMFORD LTD., Appellant, v ULSTER SCIENTIFIC, INC., Respondent. [652 NYS2d 652] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered November 21, 1995 in Ulster County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Plaintiff is a British company engaged in the manufacturing of capillary blood sampling devices and related medical products. Beginning in the late 1970s, plaintiff and defendant entered into a business relationship whereby defendant became the primary distributor of plaintiff's products in the United States. Although the parties' relationship was not defined by a formal written agreement, plaintiff routinely shipped goods based upon purchase orders issued by defendant and defendant made payments based upon invoices generated by plaintiff.

In 1992, plaintiff formed a subsidiary company, Owen Mumford USA, Inc. (hereinafter OM USA), for the purpose of marketing and selling its products in the United States. In conjunction therewith, defendant's president and primary shareholder, Peter Lordi, Jr., was appointed director of OM USA, and plaintiff, OM USA and defendant entered into two written agreements governing the marketing, sale and distribution of plaintiff's products.

Although the parties' relationship thereafter continued, defendant purportedly failed to pay for certain shipments of goods between November 1993 and August 1994, resulting in an alleged indebtedness of $396,911.27. As a result, plaintiff commenced this action for breach of contract and for an account stated, seeking damages in the aforesaid amount, plus interest. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for leave to amend its answer to assert counterclaims. Supreme Court denied plaintiff's motion and granted defendant's cross motion, and this appeal by plaintiff followed.

Plaintiff predicated its motion on its cause of action for an

account stated. The meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness so that an action to recover the balance upon an implied promise of payment may be maintained (*see, Interman Ind. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154; *Newburger-Morris Co. v Talcott*, 219 NY 505, 512). In this instance, plaintiff's motion was compromised by its admission that the invoices submitted to defendant included an erroneous 2.5% surcharge. This, in turn, impacted upon the amount of interest that plaintiff is claiming is due. In light of these circumstances, there is a material issue of fact as to the amount of the indebtedness. We further note that, while the record contains a letter agreement by defendant agreeing to pay interest on overdue accounts, the agreement does not set forth the rate of interest. Thus, there is a question of fact whether defendant agreed to pay the rate plaintiff is claiming which is substantially greater than the legal rate (72 NY Jur 2d, Interest and Usury, § 22, at 36). There is also a question regarding the conversion of pound sterling into dollars.

Although these unresolved issues preclude summary judgment, defendant, having accepted plaintiff's goods, will ultimately be responsible to pay for them (*see, Cayuga Press v Lithografiks, Inc.*, 211 AD2d 908, 910). Therefore, since the only issues defendant has raised relate to the amount of its indebtedness, we shall modify Supreme Court's order to provide for the severance of plaintiff's claims from defendant's counterclaims and directing an expeditious trial thereof; plaintiff should not have to await the disposition of defendant's counterclaims before it receives payment because those counterclaims do not involve the goods sold to defendant nor are they inextricably intertwined with the subject sales (*see, Yoi-Lee Realty Corp. v 177th St. Realty Assocs.*, 208 AD2d 185, 189; *see also*, CPLR 3212 [g]).

Cardona, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by directing the severance of the causes of action stated in the complaint and directing an expeditious trial thereof, and, as so modified, affirmed.