■ LINDA MAZZARIELLO, Respondent, v THOMAS J. DAVIN, Appellant. [676 NYS2d 354] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Caruso, J.), entered March 17, 1997 in Schenectady County, which, *inter alia,* awarded plaintiff damages for breach of contract, and (2) from the judgment entered thereon.

In April 1991, plaintiff contracted with defendant for various home repairs and improvements for a total price of $9,500. Plaintiff paid defendant $3,000 in cash and was to give him a quitclaim deed transferring her interest in a time-share valued at $6,500. However, because of problems with the quality of

---

the work performed by defendant, plaintiff did not transfer the time-share to him but to another contractor, Gil Conrad, whom she engaged to remedy the deficiencies in defendant's work.

Plaintiff then commenced this breach of contract action seeking to recover the value of the time-share and other amounts she paid to Conrad to rectify defendant's work. Defendant asserted a counterclaim for the balance due under the primary contract as well as under a second contract between the parties for additional work, the performance of which was disputed, but as to which it was stipulated that plaintiff had paid defendant $465.81. Following a nonjury trial, Supreme Court found that defendant had substantially breached the first contract and awarded plaintiff damages totaling $11,615. The court further found that defendant had substantially performed the second contract and credited him with the balance due thereon in the amount of $392.19, as well as additional work performed by defendant in the amount of $52, leaving a net judgment of $11,170.81. Defendant appeals.

We observe initially that the majority of defendant's arguments on appeal are directed at Supreme Court's credibility assessments and the weight it accorded to the evidence presented. Although the scope of our review certainly encompasses these issues, we have repeatedly observed that, in view of the trial court's superior ability to assess credibility and consequently determine the weight to be accorded the evidence, we will generally defer to its determinations as to these matters (*see, e.g., Patane v Romeo*, 235 AD2d 649, 650, *lv denied* 89 NY2d 813; *Merritt Meridian Constr. Corp. v Old County Iron Works*, 229 AD2d 661; *Austin v Barber*, 227 AD2d 826, 828). Our review of the record discloses no basis upon which to disturb Supreme Court's findings in this regard, which reveal that the court considered all of the testimony and credited both parties' evidence in certain respects.

Nor do we find merit in defendant's claim that plaintiff failed to identify and/or call as witnesses two other contractors who performed work on the property after defendant completed his work. One such contractor, whose name plaintiff could not recall, performed some work unrelated to the controversy and some related thereto for which plaintiff did not seek reimbursement. The second, whose name, address and telephone number plaintiff included in her bill of particulars, performed some work relevant to the dispute. Although plaintiff did not call this individual to testify, defendant certainly was at liberty to do so.

We do find, however, that Supreme Court erred in its assess-

ment of damages. It is well settled that the proper measure of damages in cases involving the breach of a construction contract is "the difference between the amount due on the contract and the amount necessary to properly complete the job or to replace the defective construction, whichever is appropriate" (*Sherman v Hanu*, 195 AD2d 810; *see, Lyon v Belosky Constr.*, 247 AD2d 730; *Rivers v Deane*, 209 AD2d 936). Applying this rule, the award to plaintiff should have been reduced by the value of the time-share, as that represented the balance due on the original contract. Additionally, while Supreme Court found that of the invoices and checks submitted by plaintiff as evidence of her expenditures, 75% thereof was "attributable to remedying defendant's substandard work under the contract", we do not find support in the record for the figure of $8,382.42 to which the court applied this calculation.* Plaintiff submitted invoices from Gil Conrad totaling $5,275.28 and produced checks totaling $1,283.74, which she testified represented materials she purchased for Conrad's work. The total figure to which the court's 75% formula should have been applied, therefore, is $6,559.02. After offsetting defendant's recovery on his counterclaim, plaintiff's net award should have been $4,475.08, plus interest and costs.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reducing the amount of damages awarded to plaintiff from $11,170.81 to $4,475.08, and, as so modified, affirmed.

---

* We note, however, that this figure coincides with the amount claimed by plaintiff in her bill of particulars.