■ DEBORAH LARSON et al., Appellants, v ALBANY MEDICAL CENTER et al., Respondents. [676 NYS2d 293] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered July 11, 1997 in Albany County, which, *inter alia*, granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiffs were employed by defendant Albany Medical Center as licensed practical nurses. They were terminated for alleged unprofessional conduct in November 1996. Plaintiffs commenced this action alleging, *inter alia*, retaliatory discharge pursuant to Civil Rights Law § 79-i, defamation and a cause of action versus Albany Medical Center based on respondeat superior liability. Plaintiffs allege that they were discharged in retaliation for filing letters pursuant to Civil Rights Law § 79-i

in which they expressed their opposition to performing or assisting in abortive procedures.

In their amended complaint, plaintiffs allege that a patient was referred to the Women's Health Clinic on October 10, 1996 for an evacuation procedure due to fetal death. The nurse in charge, defendant Nancy Tellier, though aware of the letters filed by plaintiffs under Civil Rights Law § 79-i,* asked plaintiffs how they felt about assisting in the procedure. Other nurses were available in the unit at the time. Plaintiffs inquired whether they would be expected to assist in similar procedures involving elective pregnancy termination, to which Tellier did not respond. Ultimately, another nurse assisted in the procedure. Tellier filed insubordination charges against plaintiffs alleging that they refused to perform the laminaria and that one nurse had to incur 15 minutes of overtime because of their insubordination. Plaintiffs deny that they refused to participate in the procedure. A month later plaintiffs were discharged for unprofessional conduct based on their refusal to render patient care as directed. Plaintiffs also allege in their complaint that Albany Medical Center maintains policies and practices which are in derogation of Civil Rights Law § 79-i in that hospital policy states that employees who file a letter pursuant to Civil Rights Law § 79-i "shall not be required to participate in [abortive procedures] except in an *emergency situation*" (emphasis supplied). Failure to assist in an emergency subjects the employee to "corrective action", including termination.

Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) based on, *inter alia*, the fact that no private right of action exists under Civil Rights Law § 79-i. Plaintiffs cross-moved for partial summary judgment seeking to have Albany Medical Center's policy adjudged illegal. Supreme Court granted defendants' motion to dismiss the complaint in its entirety and denied plaintiffs' motion for summary judgment. Plaintiffs appeal.

Plaintiffs' first cause of action, stripped of all artifice, is based

---

* Civil Rights Law § 79-i states as follows:

"1. When the performing of an abortion on a human being or assisting thereat is contrary to the conscience or religious beliefs of any person, he [or she] may refuse to perform or assist in such abortion by filing a prior written refusal setting forth the reasons therefor with the appropriate and responsible hospital * * * and no such hospital * * * shall discriminate against the person so refusing to act.

"A violation of the provisions of this section shall constitute a misdemeanor.

"2. No civil action for negligence or malpractice shall be maintained against a person so refusing to act based on such refusal."

on wrongful discharge. The Court of Appeals has strongly stated its position that there is no cause of action in tort for abusive or wrongful discharge of an employee and that such recognition must await legislative action (*see, Murphy v American Home Prods. Corp.*, 58 NY2d 293; *see generally, Sabetay v Sterling Drug*, 69 NY2d 329). This strong public policy, coupled with the failure to give expression either in Civil Rights Law § 79-i or in the legislative commentary attendant on its passage to the inclusion of a private cause of action, fully supports Supreme Court's dismissal thereof. Although, as Supreme Court determined, plaintiffs were of the class for whose benefit the statute was enacted and a private right of action would promote the legislative purpose, the factor considered most critical in the determination of whether a civil right of action exists is not implied in the statute, that is, the Legislature has not chosen such relief in its legislative scheme. The Legislature specifically provided a criminal sanction and added protection from any civil liability. We conclude that in face of this clear policy, no private cause of action sounding in wrongful discharge can be implied (*see, Carrier v Salvation Army*, 88 NY2d 298; *CPC Intl. v McKesson Corp.*, 70 NY2d 268; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314).

Plaintiffs further urge that Supreme Court erred in dismissing the complaint in its entirety because it stated a cause of action under Executive Law § 296. Under Executive Law § 296 (1) (a), it is an unlawful discriminatory practice to terminate employees because of their religious beliefs. The amended complaint states that plaintiffs demonstrated a religious or moral belief held by them, that defendants were aware thereof and that defendants failed to reasonably accommodate such religious belief by summarily terminating plaintiffs for their refusal to perform abortive procedures.

Defendants counter that plaintiffs are foreclosed from raising on appeal entitlement to relief under Executive Law § 296 by failing to denominate it as a cause of action in their amended complaint and by their failure to request relief pursuant to it in Supreme Court. Defendants further contend that the cause of action is precluded because plaintiffs would need to plead new facts which are not apparent from the record to substantiate such claim, in that they failed to allege an unlawful discriminatory practice and failed to identify an alleged religious belief which defendants failed to accommodate.

As a general rule, issues that were not raised before Supreme Court and which are raised for the first time on appeal are precluded (*see, Matter of Long Is. Jewish-Hillside Med. Ctr. v*

*McBarnette*, 216 AD2d 731, 733). Where, however, "the plaintiff's brief alleges no new facts, but rather raises legal arguments which could not have been avoided by the defendants if they had been raised in the Supreme Court", such arguments may be addressed by this Court (*Block v Magee*, 146 AD2d 730, 732-733; *see*, *Capital Med. Sys. v Fuji Med. Sys.*, 239 AD2d 743; *cf.*, *Reid v Kawasaki Motors Corp.*, 189 AD2d 954, 956, n).

For their cause of action pursuant to Executive Law § 296, plaintiffs rely on the facts alleged in their amended complaint wherein they claim that their discharge was due to the letters sent to defendants in which they announced their moral stance against abortion. We deem this sufficient to state a cause of action under the statute. We conclude that plaintiffs have stated their moral belief with respect to abortions. This moral belief constitutes an expression held with the strength of traditional religious conviction (*see*, *Welsh v United States*, 398 US 333, 340). Plaintiffs have also sufficiently alleged that they were terminated due to those beliefs. Moreover, defendants would have had to address such arguments if raised before Supreme Court.

As to plaintiffs' cause of action for defamation, we find the pleadings deficient. Plaintiffs alleged that the insubordination and unprofessional conduct charges against them were broadcast to other employees of the Albany Medical Center, that these allegations were false and known to be so, and that having been reduced to writing constituted per se defamation.

Although statements which injure a person's reputation or his or her professional standing are defamatory per se (*see*, *Liberman v Gelstein*, 80 NY2d 429, 435), there exists a " 'single instance' " exception to this per se rule "where a publication charges a professional person with a single error in judgment, which the law presumes not to injure reputation" (*Armstrong v Simon & Schuster*, 85 NY2d 373, 379, n 5). The statements involved alleging that plaintiffs were insubordinate or engaged in unprofessional conduct are subject to the single instance exception because such charges did not suggest that plaintiffs were incompetent as nurses (*see*, *Shaw v Consolidated Rail Corp.*, 74 AD2d 985).

We note as well that plaintiffs also failed to plead special damages, seeking $500,000 in over-all damages. A failure to itemize is deemed a representation of general damages and these are legally insufficient (*see*, *Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435). Mere allegations of lost income also will not suffice (*see*, *Aronson v Wiersma*, 65 NY2d 592, 595). We thus affirm the dismissal of plaintiffs' defamation claim.

Plaintiffs also argue on appeal that Albany Medical Center's per se policy contravenes Civil Rights Law § 79-i and Executive Law § 296 by punishing employees who have asserted their intention to refrain from participating in abortive procedures by requiring them to participate in emergency situations involving abortions. Plaintiffs complaint does not allege how they were aggrieved by the policy since no emergency was implicated in the instant circumstances nor do plaintiffs allege they were forced to perform an abortive procedure. Supreme Court's denial of plaintiffs' request for summary judgment under these circumstances was thus proper.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion with regard to plaintiffs' cause of action under Executive Law § 296; motion denied regarding said cause of action; and, as so modified, affirmed. [*See*, 173 Misc 2d 508.]