■ WALDEMAR KASRIELS et al., Appellants, v BARNARD COLLEGE OF COLUMBIA UNIVERSITY, Respondent. [681 NYS2d 860] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 21, 1997 in Essex County, which

granted defendant's motion to vacate a default judgment entered against it.

Plaintiffs commenced this action on January 24, 1997 seeking money damages for the loss of a motor vehicle that was destroyed by fire while parked in front of a building owned by defendant. It was plaintiffs' contention that defendant's employees had negligently piled garbage against and on top of plaintiffs' car and that the vehicle was destroyed when the garbage was set on fire by vandals. After receipt of plaintiffs' summons and complaint, defendant's general counsel forwarded the documents to its Comptroller who would, in the ordinary course of business, have forwarded them to defendant's insurance carrier. The papers were, however, misplaced en route and never reached defendant's carrier. Assuming that the carrier had received the papers and that the matter had been settled, defense counsel did not interpose an answer or take any further action. Without contacting defendant, plaintiffs entered a default judgment on May 1, 1997. Supreme Court granted defendant's subsequent motion to vacate the default judgment and plaintiffs appeal.

A motion to vacate a default judgment may be granted where there is found to be (1) a reasonable excuse for the default, (2) an absence of willfulness, and (3) a meritorious defense to the underlying action (see, CPLR 5015 [a] [1]; see also, Winney v County of Saratoga, 252 AD2d 884; Northeastern Harness Horsemen's Assn. v Saratoga Harness Racing, 216 AD2d 746, 747). These elements are present here. Defendant's excuse for its failure to file a timely answer was the understandable assumption of defendant's counsel that, after forwarding the complaint through appropriate channels, no further action was necessary. Hence, defendant's lapse was not willful (see, Tiger v Town of Bolton, 150 AD2d 889, 890-891). Further, defendant demonstrated a meritorious defense to plaintiffs' underlying claim, i.e., that it should not be held liable for plaintiffs' loss because the damage to their vehicle was caused, not by negligence on defendant's part, but by the intervention of unknown individuals who set fire to defendant's trash (see, Bell v Board of Educ., 90 NY2d 944; cf., Spickerman v State of New York, 85 AD2d 60, 62). Plaintiffs' remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.