■ BINGHAMTON PRECAST & SUPPLY, Respondent, v A. SERVIDONE, INC./B. ANTHONY CONSTRUCTION CORPORATION, a Joint Venture, Appellant, et al., Defendants. [682 NYS2d 719] —Carpinello, J. Appeal from a judgment of the Supreme Court (Coutant, J.), entered September 5, 1997 in Broome County, *inter alia*, upon a verdict rendered in favor of plaintiff.

In connection with a highway construction project in Orange County, plaintiff was awarded a contract to supply defendant A. Servidone, Inc./B. Anthony Construction Corporation (hereinafter defendant), the general contractor, with concrete box culverts. To this end, the parties entered into a credit agreement whereby plaintiff agreed to bill defendant for all culverts delivered and defendant agreed that all amounts 30 days past due would be subject to a service charge of 18% per annum. Defendant also agreed to indemnify plaintiff for all expenses incurred in connection with the collection of unpaid invoices, including costs and counsel fees. Throughout the course of the project, plaintiff delivered all requested box

---

culverts; however, many shipments were late or incomplete. This caused defendant to experience delays in completion of the project, as well as additional costs.

Although it paid initial invoices, defendant stopped making payments in December 1994, prompting plaintiff to commence this breach of contract action to recover the unpaid account balance of $148,283.60, plus interest, costs and counsel fees. Defendant counterclaimed for delay damages as a result of the untimely and incomplete deliveries. Following a jury trial, plaintiff was awarded $148,283.60 on its claim and defendant was awarded $40,000 on its counterclaim. The only issues on appeal concern the interest and counsel fees awarded by Supreme Court.

The first issue on appeal is whether interest should have been calculated on the total amount due to plaintiff for the unpaid invoices before offsetting against that amount the award in favor of defendant on its counterclaim.* Specifically, Supreme Court awarded plaintiff interest at the rate of 18% per annum on $148,283.60 and awarded defendant interest at the legal rate of 9% per annum on $40,000. In our view, Supreme Court should have calculated interest under the "interest on the net balance" rule outlined in *Manshul Constr. Corp. v Dormitory Auth.* (79 AD2d 383; *see, Indu Craft v Bank of Baroda*, 87 F3d 614, *cert denied* 519 US 1041).

As plaintiff itself concedes (albeit in the context of arguing that the counsel fee award was appropriate), the prosecution of plaintiff's claim and the defense of the counterclaim were inextricably intertwined as both involved the sale and delivery of the culverts (*see generally, Owen Mumford Ltd. v Ulster Scientific*, 235 AD2d 804). Although the parties' credit agreement states that plaintiff is entitled to 18% interest per annum on any outstanding balance, the jury found that plaintiff breached its obligations to defendant resulting in delay damages totaling $40,000. The net amount owed by defendant to plaintiff, therefore, is $148,283.60 minus $40,000, and interest should have been calculated on the net award of $108,283.60 at 18% per annum (*see, id.; see generally, Mazzariello v Davin*, 252 AD2d 884, 885-886; *Sloan v Pinafore Homes*, 38 AD2d 718, 719).

Supreme Court awarded counsel fees to plaintiff in the

---

* The appropriate method by which to calculate interest is a legal argument which could not have been avoided by plaintiff had it been raised by defendant before Supreme Court. Accordingly, defendant's failure to raise this argument below does not preclude this Court from reviewing such claim (*see, e.g., Larson v Albany Med. Ctr.*, 252 AD2d 936, 938-939).

amount of $25,000 (plaintiff sought approximately $33,200 in counsel fees and expenses). Defendant claims that this award was improper since it "largely" included fees incurred by plaintiff in defending the delay damage counterclaim and not fees incurred in prosecuting its nonpayment claim. The record does not support this contention (cf., Granada Condominium I v Morris, 225 AD2d 520, 521). Here, just as the two claims were inextricably intertwined for the purpose of calculating interest, they were also inextricably intertwined for the purpose of determining the reasonable amount of counsel fees to which plaintiff was contractually entitled since plaintiff's right to recover the unpaid balance was dependent upon the timeliness of the deliveries and the condition of the culverts upon delivery. Since an award of counsel fees should be upheld absent an abuse of discretion (see, Hovanec Bldrs. & Developers Corp. v Hines, 173 AD2d 951), we are unable to conclude, given the detailed showing by plaintiff's counsel in support of the request, that Supreme Court abused its discretion in setting the award at $25,000.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as calculated interest at 18% per annum on $148,283.60 and 9% on $40,000; interest to be calculated at 18% per annum on $108,283.60; and, as so modified, affirmed.