■ ENCORE COMMUNICATIONS, INC., Respondent, v STICK SALES AND DISTRIBUTION, INC., et al., Defendants; and KEITH RHODES, Appellant. [700 NYS2d 560] —Mugglin, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 28, 1998 in Albany County, which, *inter alia*, denied defendant Keith Rhodes' motion for summary judgment dismissing the complaint against him.

Plaintiff, a videographic advertising company, produced a promotional video for a product manufactured by defendant Stick Sales and Distribution, Inc. In exchange for plaintiff's agreement to release the video to Stick Sales, defendant Keith Rhodes signed a stipulation on May 25, 1994 as president of Stick Sales agreeing that Stick Sales was indebted to plaintiff

for videographic services rendered in the amount of $20,616.04. Rhodes and the remaining individual defendants also signed the stipulation in their personal capacities evidencing their agreement to "acknowledge liability for and guarantee the payment of said outstanding obligation" in the event that Stick Sales failed to pay by a specified date.

Plaintiff did not receive payment by the specified date and subsequently commenced this action alleging two causes of action, namely, that all defendants owe plaintiff $20,616.04 for videographic services performed at the request of defendants and that all defendants are liable based on an account stated on May 25, 1994. After Rhodes successfully moved to vacate the default judgment entered against him, he moved for summary judgment dismissing the complaint against him. Plaintiff cross-moved for summary judgment against Rhodes. Rejecting Rhodes' argument that plaintiff's failure to sign the stipulation precluded enforcement thereof, Supreme Court denied Rhodes' motion and granted plaintiff's cross motion. Rhodes appeals.

We affirm. Rhodes contends that Supreme Court erroneously granted summary judgment against him since the complaint states no cause of action against him in his individual capacity. Specifically, he argues that he has not been sued on his guarantee found in the stipulation. We believe that Supreme Court's grant of summary judgment was proper on the second cause of action for an account stated (*see, Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151).

This stipulation and agreement binds defendants despite plaintiff's failure to sign the document (*see, Owen Mumford, Ltd. v Ulster Scientific*, 235 AD2d 804; *Lane Crawford Jewelry Ctr. v Han*, 222 AD2d 214).

Rhodes' remaining contentions have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.