■ LIBERTY ENTERPRISES, LLC, Appellant, v ROLAND J. ADAMSONS et al., Respondents. (Appeal No. 1.) [785 NYS2d 252]—

Appeal from a judgment of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered March 26, 2003. The judgment, among other things, confirmed the report of the Referee and ordered the sale of the subject premises at public auction.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the amount of attorneys' fees awarded and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Herkimer County, for a hearing on the amount of attorneys' fees in accordance with the following Memorandum: We disagree with plaintiff that the judgment of foreclosure and sale must be reversed because of procedural error (*see Federal Deposit Ins. Corp. v 65 Lenox Rd. Owners Corp.*, 270 AD2d 303, 304 [2000]; *Adelman v Fremd*, 234 AD2d 488, 489 [1996]; *Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d 677, 678-679 [1993]), but agree with plaintiff that it is entitled to a hearing on the amount of attorneys' fees (*see generally Stein v American Mtge. Banking*, 216 AD2d 458, 459 [1995]). The explicit language of the land contract allows defendants to collect attorneys' fees only on their counterclaims, and thus defendants are not entitled to collect attorneys' fees incurred as a result of defending against plaintiff's claims (*cf. Gizzi v Hall*, 309 AD2d 1140, 1142 [2003]). Although there is evidence in the record in the form of an affidavit and billing statements detailing attorneys' fees in the amount of $13,722.14, there is no indication whether those fees were incurred in defense of plaintiff's claims or in pursuit of defendants' counterclaims. Defendants further claim that they incurred additional attorneys' fees, but we note that there is no evidence in the record supporting those additional attorneys' fees, and thus, no way for the court to determine the amount of time spent on the counterclaims by the attorneys or the nature of the services rendered for those attorneys' fees (*see generally Granada Condominium I v Morris*, 225 AD2d 520, 522 [1996]). Therefore, we modify the judgment accordingly and remit the matter to Supreme Court for a determination, on a quantum meruit basis, of the amount of reasonable attorneys' fees (*see generally Chapel v Mitchell*, 84 NY2d 345, 349 [1994]; *Matter of First Natl. Bank of E. Islip v Brower*, 42 NY2d 471, 474 [1977]). Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.