■ BEAGLE DEVELOPERS, LLC, Appellant, v LONG ISLAND BEAGLE CLUB No. II, INC., et al., Respondents. [882 NYS2d 79]—

Appeal from order, Supreme Court, New York County (Her-

man Cahn, J.), entered September 4, 2008, which, in an action to recover a down payment on a real estate transaction, denied plaintiff buyer's motion for summary judgment and granted the motions by defendants Long Island Beagle Club, Inc. and Long Island Beagle Club No. II, Inc. (seller) and Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP (escrow agent) for summary judgment dismissing the complaint, deemed an appeal from the judgment, same court and Justice, entered November 25, 2008 (CPLR 5501 [c]), dismissing the complaint, and, so considered, the judgment unanimously affirmed, with costs.

Under section 1.02 (c) of the contract, plaintiff had 60 days (extended to 75) to perform due diligence, i.e., undertake environmental, engineering, zoning and abstract studies, and cancel the contract, and have its down payment returned, if it determined that the property was not suitable for its intended use. Under section 1.02 (d), if plaintiff did not cancel within this 75-day period and deposited $250,000 in addition to the $750,000 down payment it had already made on contract signing, its right to cancel under section 1.02 (c) would be deemed waived, and the entire down payment would become nonrefundable except for defendant's willful default in closing.

Assuming, as plaintiff argues, that its failure to cancel within the 75 days and its deposit of the additional $250,000 did not result in its waiver of defendant's obligation to provide marketable title, section 2.01 (c) unambiguously states that defendant was not obligated to make any effort or expend any amount to dispose of "Title Objections." Such objections included plaintiff's objection to title arising out of the prior merger between Beagle Club, Inc. and Beagle Club No. II, Inc. If defendant failed to cure any such title objections, plaintiff could terminate the contract or accept such title as defendant could deliver. Once defendant declared a time-of-the-essence closing and plaintiff made its own declaration for a time-of-the-essence closing for the same date, plaintiff unequivocally declared its intention to go forward, thereby waiving any title objections and agreeing to accept such title as defendant could convey.

Additionally, assuming plaintiff elected at the closing to terminate the contract based on defendant's failure to cure plaintiff's title objection based on the merger, that failure was not a default by defendant, much less a willful default, since defendant was under no obligation to make any effort to cure plaintiff's title objection. Consequently, the down payment remained nonrefundable and constituted liquidated damages pursuant to section 5.03 of the contract.

Nor were the contract's unambiguous terms modified by

defendant's attempt to accommodate plaintiff's requests for documents relating to the merger. The contract clearly states that a waiver of any right at one time does not waive any right at any other time, and further states that the contract may only be modified in writing. Plaintiff cannot negate these unambiguous terms by parol evidence (*see Namad v Salomon Inc.*, 74 NY2d 751, 753 [1989]; *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]). Defendant did not, by its actions, modify the agreement so as to become obligated to cure the purported title objections.

Plaintiff's interpretation of section 2.01 (c), which views "Title Objections" as referring to the title issues contained in section 2.01 (a), and "title objections," lower case, as referring to plaintiff's objections contained in its title report, changes the plain meaning of defendant's obligations and is not a reasonable interpretation of the contract (*see AIU Ins. Co. v Robert Plan Corp.*, 44 AD3d 355, 356 [2007]). Section 2.01 (a) expressly defines the title issues contained therein as "Permitted Encumbrances," not "Title Objections," and the plain meaning of title objections does not change, without further explanation, merely because the lower case is used.

Finally, the escrow agent's release of the down payment prior to closing without obtaining other security from defendant was not a material breach as plaintiff retained an equitable lien on the property (*see Sloan v Pinafore Homes*, 38 AD2d 718 [1972]; *Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 405 [1983]), which was unencumbered and worth far in excess of the down payment. In any event, since plaintiff is not entitled to return of the down payment, it suffered no damages as a result of the escrow agent's release of the down payment. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Abdus-Salaam, JJ. [*See* 21 Misc 3d 1110(A), 2008 NY Slip Op 52032(U).]