■ IGNACIO RAMOS et al., Respondents, v ISAIAH GROSS, Appellant.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about June 2, 1988, which granted plaintiffs-respondents' motion for an order relieving them of their default in serving a bill of particulars, and which denied defendant-appellant's cross motion for summary judgment, unanimously reversed, on the law, the motion denied, the cross motion granted and the complaint dismissed, without costs.

Respondents defaulted in serving a bill of particulars in this medical malpractice action, which was first demanded by appellant in April 1984. Appellant twice sought a preclusion order and on October 7, 1987 a conditional order of preclusion was issued on consent of respondents' counsel. Although the order required respondents to serve the bill of particulars by December 18, 1987, it was not served until respondents moved to be relieved of their default in complying with the order on May 20, 1988, four years and one month after the initial demand.

The excuse of law office failure proffered by respondents' counsel was inadequate to explain the four-year delay. Counsel maintained that she was away on her honeymoon when her office received the conditional preclusion order requiring service of the bill of particulars within 45 days. No entry was made in her diary and she was unaware of the deadline when she returned to the office in early December. The oversight was not discovered until April 1988. This mishap, however, only accounts for six months of the four-year default and is, therefore, insufficient as an excuse *(Berman v Brunswick Hosp. Center,* 94 AD2d 736 [2d Dept 1983]).

A "delayed action is an action suspect as to its merits" *(Sortino v Fisher,* 20 AD2d 25, 32 [1st Dept 1963]), and respondents have not only failed to explain the delay of four years, they have also failed to demonstrate the merit of their claim in a physician's affidavit that a viable action for medical malpractice exists *(Brusco v St. Clare's Hosp. & Health Center,* 128 AD2d 390 [1st Dept 1987], *appeal dismissed* 70 NY2d 692;

*White v Leonard,* 140 AD2d 518 [2d Dept 1988]). The basis for this action is the allegation that appellant was negligent in failing to detect the presence of a foreign body—specifically, some "very small" pieces of metal—in respondent Ignacio Ramos' hand, which was injured in a work-related accident. In his affidavit, Ignacio Ramos maintains that, following his treatment by appellant, he was advised by two private doctors and the workers' compensation doctor that metal from the accident remained imbedded in his hand. There is no statement in the record from these physicians. Despite three operations, respondent asserts that he still has difficulty using his right hand and is therefore unable to continue his work as a welder.

Respondents' medical expert, Dr. Alfred Jannicelli, submitted an affidavit based upon his review of the pleadings, the verified bill of particulars and unspecified "medical records". In it he opined that appellant had negligently failed to detect the presence of foreign bodies or substances in respondent's hand. However, the surgical pathology report from respondent's first operation in November 1981 indicates that the "foreign body" removed from respondent's right middle finger was a "portion of necrotic skin." The hospital records for the surgery performed on respondent in June of 1982 and in January of 1983 do not substantiate respondents' claim that metal or any object other than scar tissue was removed from his finger during these procedures.

The first physician who treated respondent after the accident, Dr. Emil Nigro, stated in his examination before trial that "historically and clinically there was no evidence of a foreign body in Mr. Ramos' hand." Although respondent claimed that X rays of his hand were taken after his treatment by appellant and prior to the first surgery, no X-ray report was submitted nor did respondent's medical expert claim to have based his opinion on these X rays. As there is no evidence to support the claim that a foreign object was ever present in respondent's hand, we can find no basis for the assertion in Dr. Jannicelli's affidavit that appellant was negligent in failing to locate the presence of a foreign object or in failing to remove it. Conclusory allegations of malpractice unsupported by competent evidence are not sufficient to establish the merit of an action or to defeat a motion for summary judgment *(Burt v Lenox Hill Hosp.,* 141 AD2d 378, 380 [1st Dept 1988]). Supreme Court, therefore, erred in granting respondents' motion to be relieved of their default and in

*denying appellant's cross motion for summary judgment.* Concur—Murphy, P. J., Ross, Carro, Rosenberger and Smith, JJ.