H. JOHN HENDLEY, as District Attorney of Warren County, Respondent, v DAVID B. CLARK, Appellant.

Third Department, July 6, 1989

APPEARANCES OF COUNSEL

*Ronald L. Newell (James W. Cooper* of counsel), for appellant.

*H. John Hendley, District Attorney (Lisa K. Fox* of counsel), respondent *pro se.*

## OPINION OF THE COURT

KANE, J. P.

In December 1985, defendant was arrested after his vehicle was stopped by members of the State Police on the Northway in Warren County. As a result of a search of the vehicle and the persons of defendant and a passenger in the vehicle, as well as a subsequent search of defendant's residence, controlled substances, guns and money in the amount of $10,112 were seized. Defendant was thereafter indicted by a Warren County Grand Jury on three counts of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree. However, the evidence gathered as a result of the stop of the vehicle was later deemed inadmissible for trial *(see, People v Clark,* 133 AD2d 955) and the indictment was dismissed. Prior to the dismissal of the indictment, defendant executed a cooperation and plea agreement in the United States District Court for the Northern District of New York, wherein he agreed to enter a plea of guilty to possession with intent to distribute cocaine on or about December 10, 1985 in violation of 21 USC § 841 (a) (1).

Thereafter, plaintiff, as Warren County District Attorney, commenced this action against defendant pursuant to CPLR article 13-A seeking forfeiture of the $10,112 as the proceeds

of a crime. After issue was joined, defendant moved for, *inter alia,* summary judgment dismissing the complaint. County Court denied the motion finding that there were triable issues of fact concerning defendant's plea of guilty to the Federal charge. Defendant has appealed.

■ We affirm. In our view, the particular facts and circumstances of this case fit nicely within the statutory scheme provided by CPLR article 13-A for the forfeiture of the proceeds of a crime. Under CPLR 1310 (6) a preconviction forfeiture crime includes those felonies set forth in Penal Law article 220. If the forfeiture action is not grounded upon an actual conviction under Penal Law article 220, the party seeking recovery is still able to prove that a felony under this article did occur; the burden imposed, however, is that the party must prove the commission of such a crime "by clear and convincing evidence" (CPLR 1311 [1] [b]). Therefore, the fact that defendant was not convicted in State court and that the State indictment against him was dismissed does not necessarily mean that he cannot be the subject of a forfeiture action under CPLR article 13-A *(see, Property Clerk of N. Y. City Police Dept. v Hurlston,* 104 AD2d 312, 313). The question here is whether, under the particular circumstances of this case, the Federal crime for which defendant was convicted can be used to prove a crime under Penal Law article 220 and therefore be classified as a preconviction forfeiture crime.

■ We answer this question in the affirmative. As long as the elements of the Federal crime are identical to the elements of a felony defined under Penal Law article 220, the Federal conviction may be used to establish a preconviction crime. Here, defendant was convicted under 21 USC § 841 (a) (1) for unlawful possession, with intent to distribute, a controlled substance. The elements of this crime are equivalent to those of Penal Law § 220.16 (1). Therefore, plaintiff should be permitted to use the Federal conviction in this forfeiture action against defendant. It is true that a violation of Penal Law § 220.16 (1) was not alleged in the State indictment and that plaintiff's complaint was based on the indictment. However, it was not necessary that the elements of the Federal crime be found to correspond to a crime specifically alleged in the indictment. CPLR 1310 (6) requires only that it be proven that a felony under Penal Law article 220 has been committed. Furthermore, plaintiff's papers in opposition to the motion for summary judgment set forth sufficient facts to warrant a trial. Plaintiff produced a copy of the Federal plea

agreement and, in his opposition papers, plaintiff noted that defendant did not deny the conviction. Although the plea agreement does not state where the crime occurred, plaintiff's complaint specifically alleged that the Federal crime to which defendant pleaded guilty occurred in Warren County. Accordingly, since this allegation is not denied in the answer interposed by defendant, it is deemed admitted (see, CPLR 3018). In addition, the complaint set forth sufficient facts concerning the circumstances of the crime. In this respect, it should be noted that the statements of the party opposing a summary judgment motion are deemed to be true (see, *Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410, 415). Therefore, plaintiff should be afforded the opportunity to prove his case at trial and the denial of defendant's summary judgment motion should be affirmed on this basis.

Having reached this conclusion, it is unnecessary to address the parties' remaining contentions.

CASEY, MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Order affirmed, without costs.