■ GERALD M. KILDUFF et al., Appellants, v SHULMAN OFFICE PARK ASSOCIATES et al., Appellants, and SHIELDS ASSET MANAGEMENT COMPANY, INC., Respondent, et al., Defendant.— Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered August 1, 1989 in Rockland County, which granted the motion of defendant Shields

Asset Management Company, Inc. for summary judgment dismissing the complaint and cross claim against it.

On December 31, 1987 at about 1:00 P.M., plaintiff Gerald M. Kilduff (hereinafter plaintiff) slipped and fell on a newspaper that was on the stairway that he was descending between the second and first floors of a commercial office building in the City of White Plains, Westchester County. At the time, plaintiff was an employee of a tenant of the building who occupied one half of the fourth floor. As a consequence of his injuries plaintiff, and his wife derivatively, commenced an action in negligence against (1) the owners and managers of the building (hereinafter the Shulmans) to keep the stairs free of debris, (2) defendant Shields Asset Management Company, Inc. for causing or creating the condition which caused plaintiff's fall, and (3) defendant Empire News Company for delivering the paper to an employee of Shields in a negligent manner by leaving it on the stairs. The Shulmans answered and asserted cross claims against Shields and Empire seeking indemnification for their negligence pursuant to a hold harmless agreement. Shields answered both the complaint and cross claims.

Prior to any discovery, Shields moved for summary judgment dismissing the complaint and cross claim asserted against it. In support of its motion, Shields filed an affidavit of its vice-president which alleged that Shields occupied one half of the fourth floor of the building as a tenant and was not responsible for any maintenance outside of its occupied premises. The vice-president's affidavit also alleges that Shields was not responsible in any way for plaintiff's accident and that Shields first learned of the accident through receipt of the summons and complaint. In its attorney's affidavit, Shields further denied that any hold harmless agreement existed which would bind Shields in indemnity.

In opposition, plaintiff averred that he had observed that the newspaper was generally delivered in the early morning hours to a door outside the building, that one of the newspapers was addressed to a person at Shields' office and that he had often seen newspapers cluttering up the hallway. Plaintiff further alleged that no discovery had as yet occurred and that the complaint contained an allegation that Shields had actually created the dangerous condition. The Shulmans contended that there was a question of fact as to the existence of a hold harmless agreement since they had alleged such agreement in their cross claim and Shields had denied that any existed. The attorney for Shields then submitted a reply

affirmation which alleged that plaintiff had not laid bare his proof to show the responsibility of Shields for the accident.

Supreme Court held that plaintiff's submissions contained no proof that Shields' employees caused the newspaper in question to be on the stairs or that they created the dangerous condition, and that Shields had not been shown to have assumed any duty concerning the maintenance of the hallways. As to the cross claim, Supreme Court held that there was no showing that any employee of Shields left the newspaper on the stairs. As to the claimed indemnification and the hold harmless agreement, Supreme Court held that this claim was not legally sufficient without the production of such agreement by the Shulmans in opposition to the motion by Shields. Therefore, Supreme Court granted summary judgment to Shields dismissing the complaint against it and also dismissed the cross claim asserted by the Shulmans against Shields. Plaintiff and the Shulmans appeal.

In our view, the determination of Supreme Court was proper. The initial showing by Shields' vice-president in his affidavit, supported by Shields' attorney's affidavit, clearly established that Shields bore no responsibility for the maintenance of the building other than the portion of the premises that it had leased. Furthermore, Shields denied having caused or created the condition which caused plaintiff's fall or of knowing about the condition prior to the institution of plaintiff's lawsuit. Shields, as the moving party, made a prima facie showing of its entitlement to summary judgment as a matter of law, and this showing shifted the burden to plaintiff to establish the existence of material issues of fact by evidentiary proof in admissible form *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717). Plaintiff failed to meet this burden. Plaintiff has not shown that Shields had any legal duty to keep or maintain the stairway in a reasonably safe manner, that any employee of Shields put the newspaper there, or that Shields had actual or constructive notice of the existence of the newspaper on the stairway for a sufficient length of time to have removed it, even assuming Shields had a duty to do so.

Plaintiff claims that an issue of fact is created simply by his allegations that an employee of Shields subscribed to that particular newspaper and, on prior occasions, plaintiff had observed newspapers on the stairs or outside Shields' door. The full acceptance of these allegations does not raise a triable issue of fact as to the newspaper that caused plaintiff's fall. Plaintiff's contentions are based on surmise, conjecture

and suspicion, for the newspaper in question could have been deposited on the stairway by anyone minutes or seconds before the accident. Any other conclusion would be mere speculation. A general awareness that litter may be present is not enough; nor is the fact that plaintiff observed other papers on another portion of the steps on occasions before his fall legally sufficient to charge Shields with constructive notice of the paper he fell on (see, Gordon v American Museum of Natural History, 67 NY2d 836, 837-838).

Plaintiff seeks to avoid the consequences of his inadequate showing by claiming that, as yet, there has been no discovery. However, plaintiff has also failed to show how discovery, even if permitted, would establish a valid claim. Summary judgment does not have to await discovery in all cases. The burden here is on plaintiff and he has made no showing whatever of the legal sufficiency of his case or how discovery would make it legally sufficient. Since plaintiff's case against Shields has failed and the Shulmans have failed to produce any indemnity agreement or any other evidence by which indemnity could be imposed on Shields, Supreme Court properly dismissed the complaint and the cross claim against Shields.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.