◼ RICHARD A. SALISBURY, as Administrator of the Estate of HELEN T. SALISBURY, Deceased, Appellant, v CLAUDIA B. SALISBURY, Respondent.—Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered August 31, 1990 in Warren County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

In 1980, plaintiff received a power of attorney to administer the financial affairs of his mother, decedent herein. Plaintiff then married defendant on April 28, 1984 and one month later the couple moved to the Town of Lake George in Warren County. On July 24, 1984, defendant purchased a parcel of land and commenced construction of a new home. She maintained exclusive control over this property interest by retaining title thereto and making payments for construction solely from an account in her name. At some point in 1985, defendant exhausted her personal funds and she approached plaintiff about obtaining moneys from decedent for completion of construction of her home. No specific dollar amount was specified, no contract was executed, no terms for repayment were set and no rate of interest was discussed. However, from March 20, 1985 to November 30, 1985, defendant received about $76,500 to complete construction of her home and for payment of other expenses. These moneys were authorized to be transferred from decedent's commercial accounts to defendant's personal account. On October 27, 1987, plaintiff commenced this action as administrator of decedent's estate against defendant to recover the moneys so transferred. The complaint alleges causes of action for (1) money loaned and (2) moneys had and received. Issue was joined in September 1988 and, in November 1988, the marriage between plaintiff and defendant was annulled. Plaintiff never sought any equitable distribution concerning the new house constructed by defendant. In March 1990, plaintiff moved to compel discovery of

various items and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and dismissed both causes of action for lack of privity. This appeal ensued.

It is well settled that on a motion for summary judgment the function of the court is issue finding, not issue determination (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Additionally, on such a motion, the court should draw all reasonable inferences in favor of the nonmoving party (see, Assaf v Ropog Cab Corp., 153 AD2d 520, 521). In this case, as to the first cause of action for money loaned, at an oral deposition plaintiff testified that the moneys transferred were intended to be a loan, not an advancement on his inheritance. Additionally, he testified as follows:

"Q: Did you indicate to [decedent] when those loans would be repaid?

"A: Only that they would be when the house was complete that we could determine how it would be repaid.

"Q: When you say 'we could determine,' who do you mean by 'we'?

"A: That I would be able to discuss that with [defendant]."
Defendant denies that there was any promise to repay the moneys transferred by plaintiff. However, plaintiff's testimony illustrates evidence of a vague promise to repay by defendant, thereby creating an issue of fact (cf., Le May v Frankel, 80 AD2d 665). Accordingly, we find that Supreme Court erred in dismissing plaintiff's first cause of action.

As to plaintiff's second cause of action for moneys had and received, there is no requirement that plaintiff prove the existence of privity between the parties other than that which results from the circumstances (see, Roberts v Ely, 113 NY 128, 131). " 'Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies [such] a promise' " (Cohen v City Co., 283 NY 112, 115, quoting Byxbie v Wood, 24 NY 607, 610). Defendant asserts that the moneys transferred to her were the property of plaintiff. However, plaintiff asserts that those moneys belonged to decedent. There are issues of fact concerning whether defendant knew that the moneys transferred to her belonged to plaintiff. Accordingly, we find that Supreme Court also erred in dismissing plaintiff's second cause of action.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs

to plaintiff, by reversing so much thereof as granted the cross motion; cross motion denied; and, as so modified, affirmed.