■ CARL D. CAROTHERS et al., Respondents, v UNITED TECHNOLOGIES, INC., et al., Respondents, and EMERSON ELECTRIC COMPANY, Appellant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiffs' residence was damaged by fire on March 31, 1987. Their complaint alleges that the fire was caused by a defective manual shut-off valve in a propane gas dryer purchased from defendant Sears, Roebuck & Company on or about August 1, 1986. In addition to Sears, plaintiffs have sued Whirlpool Corporation, which allegedly negligently designed, manufactured and marketed the gas dryer, United Technologies, Inc., and Emerson Electric Company, which allegedly manufactured the manual shut-off valve. Following joinder of issue, Emerson Electric sought summary judgment on the ground that it did not manufacture the manual shut-off valve for that dryer. Supreme Court erred in denying that motion.

In support of its motion, Emerson submitted the affidavit of its Director of Product Safety stating that Emerson did not begin the manufacture of shut-off valves until July 21, 1987, several months after the fire. In opposition, plaintiffs submitted an attorney's affidavit indicating the need to conduct discovery of Whirlpool Corporation in order to corroborate Emerson's evidentiary submission. Such corroboration is, however, unnecessary. Whirlpool failed to respond to Emerson's notice to admit, and thus, is deemed to have admitted that it did not receive any manual shut-off valves for gas dryers from Emerson until after August 10, 1987 (see, CPLR 3123). Moreover, United Technologies has admitted that it did not sell or supply the necessary tooling for such valves to Emerson or anyone else until April 1, 1987. Plaintiffs were obliged to demonstrate more than mere conjecture that discovery might produce some basis for liability (see, Kilduff v Shulman Off. Park Assocs., 167 AD2d 607, 610; Standard Microsystems Corp. v Access Data Prods., 138 AD2d 479, 480; see also, Levy, King & White Adv. v Gallery of Homes, 177 AD2d 967 [decided herewith]). An affidavit submitted by United Technologies opining that the fire originated in another area of the dryer fails to raise a factual issue sufficient to defeat Emerson's motion, because there is no evidence suggesting that Emerson was involved in the manufacture of that part of the dryer. The affidavit of United Technologies' former Manager of Product Integrity speculating that the fire might not have been caused by the shut-off valve, but rather, by an electrically operated gas control valve, also was insufficient to raise a triable issue of fact (see, Zawadzki v Knight [appeal No. 2],

155 AD2d 870, *affd* 76 NY2d 898; *Ramos v Gross,* 150 AD2d 216; *cf., Reynolds v Towne Corp.,* 132 AD2d 952, *lv denied* 70 NY2d 613). (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.