■ In the Matter of CENTENNIAL INSURANCE COMPANY, Respondent, v DOROTHY CAPEHART et al., Respondents, and ZURICH INSURANCE COMPANY, Appellant. [632 NYS2d 179] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Zurich Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Kassoff, J.), dated June 28, 1993, which, after a hearing, granted the petitioner's application for a permanent stay of arbitration.

Ordered that the order and judgment is affirmed, with costs.

In this case, the petitioner established a prima facie case as to the existence of insurance coverage for the offending vehicle by producing the police accident report which contained the appellant's insurance code designation (see, Matter of Wausau Ins. Co. v Ramos, 151 AD2d 487; Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886).

Contrary to the view expressed by the dissent, the fact that the vehicle was registered out of State and that the appellant was an out-of-State insurer, does not negate the presumption of coverage arising out of the insurance code designation on the police accident report. Moreover, the appellant's failure to respond to the petitioner's notice to admit also effectively established that the appellant insured the offending vehicle (see, CPLR 3123 [a]; Carothers v United Technologies, 177 AD2d 995).

Once the petitioner had established its prima facie case, the burden shifted to the appellant to prove that the vehicle in question was never insured or that the insurance had been cancelled (see, Matter of Liberty Mut. Ins. Co. v Horowitz, 121 AD2d 634). The appellant failed to present any admissible evidence demonstrating that the policy had been cancelled or that the coverage under the policy (which had originated in Germany) had not been extended to the United States.

Many of the documents sought to have been introduced by the appellant at the hearing were inadmissible under the business record exception to the hearsay rule since the appellant never laid a proper foundation for their admission (see, CPLR 4518 [a]; *Insurance Co. v Gottlieb,* 186 AD2d 470; *National States Elec. Corp. v LFO Constr. Corp.,* 203 AD2d 49). The only admissible evidence produced by the appellant at the hearing consisted of just a portion of the policy, not even the entire policy, and was inconclusive at best with respect to the critical issues to be resolved. Moreover, contrary to the dissent's statements, there was no evidence that the appellant's agent who testified at the hearing had ever received the entire contents of the appellant's files from its home offices in Germany. He merely presumed that he had received the entire file.

Accordingly, we find that the Supreme Court properly granted the petitioner's application to stay arbitration. Balletta, J. P., Thompson and Santucci, JJ., concur.

Hart, J., dissents and votes to reverse the order and judgment appealed from and to dismiss the petition to stay arbitration, with the following memorandum, with which Altman, J., concurs. Upon the exercise of this Court's factual review power, I find that the record supports the following findings of fact. The driver of the "offending vehicle" was insured in Germany by the appellant insurance carrier. The policy limited territorial coverage to Europe unless the parties agreed to extend the same. The fact that the policy was issued was supported by the unchallenged notice to admit. The notice to admit did not contain a recitation of the specific policy terms and conditions.

The record contains no evidence of an agreement to expand the geographic coverage area. The trial court's determination that an extension may have been agreed upon is based on speculation and is therefore of no probative value.

The insurance code number recited on the police report did not sustain a prima facie case of coverage because the policy was not written in New York State and therefore it did not come within the purview of the statutory and regulatory scheme in place in this State (Vehicle and Traffic Law § 312; *see also, Matter of Eagle Ins. Co. v Olephant,* 81 AD2d 886).

The corporate domicile of the insurance carrier writing the policy is irrelevant.

In sum, the appellant wrote a policy which did not cover the accident in question and therefore the petition should be dismissed.