■ FLEET BANK, as Successor in Interest to FLEET BANK OF NEW YORK, Respondent, v TIGER RACQUET FITNESS AND EXERCISE CENTER, INC., et al., Appellants. [680 NYS2d 317] —Graffeo, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered February 10, 1998 in Albany County, which, *inter alia*, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

In February 1993 defendant Tiger Racquet Fitness and Exercise Center, Inc. (hereinafter Tiger) executed a consolidated mortgage note in favor of plaintiff in the principal amount of $1.1 million secured by a mortgage upon real property located in the Town of Ulster, Ulster County. Defendants Mildred Gruberg and Jacob Gruberg, each 25% owners of Tiger, executed separate unconditional personal guarantees to plaintiff which provided that each defendant: "unconditionally promises and agrees to pay [plaintiff], its successors or assigns, upon demand, all amounts which [Tiger] shall owe to [plaintiff], whether such indebtedness now exists or shall hereafter arise, together with the interest thereon." Defendant Seth Nadel, a 50% owner of Tiger, also executed a commercial mortgage guarantee of payment. In June 1994, plaintiff notified Nadel that Tiger was in default of the minimum net worth covenant of the mortgage. Plaintiff then agreed to permit Tiger to obtain a $300,000 second mortgage from a private investor, with the proceeds to be deemed equity for the purpose of calculating Tiger's net worth. In consideration, plaintiff required Tiger to pay outstanding real estate taxes and the balance owed on an

equipment line of credit. Early in 1997, Tiger defaulted and Fleet's attempts to obtain payment from the guarantors were unsuccessful. Thereafter, plaintiff commenced an action against defendants in May 1997 seeking to recover the unpaid balance on the note. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court granted the motion and judgment was entered against defendants in the amount of $967,102.74 plus interest.* Defendants appeal.

Summary judgment is a drastic remedy and shall be granted only where no material and triable issue of fact is present (see, Zuckerman v City of New York, 49 NY2d 557). Here, plaintiff submitted unrefuted proof establishing that Tiger defaulted on the loan secured by a first mortgage as well as the personal guarantees of the individual defendants. The record demonstrates that defendants were notified of Tiger's default and provided an opportunity to satisfy their obligation, which they failed to do. Hence, plaintiff has met its initial burden of demonstrating entitlement to judgment as a matter of law (see, Miccio v Skidmore Coll., 180 AD2d 983). We reject the Grubergs' contention that Nadel was acting as an agent for plaintiff when he allegedly made certain representations to the co-owners to obtain their personal guarantees. This claim is unsubstantiated by the record and conclusory in nature, and therefore insufficient to preclude summary judgment (see, Landes v Sullivan, 235 AD2d 657).

We also find unavailing the Grubergs' claim that a June 13, 1994 letter from plaintiff to Tiger sufficiently altered the terms of the underlying obligation of Tiger, thereby necessitating a release from their surety obligation. Although a material, substantial modification of a loan agreement, without the consent of the guarantors, generally discharges the guarantors from their surety obligation (see, Bier Pension Plan Trust v Schneierson, 74 NY2d 312; Central Fed. Sav. & Loan Assn. v Pergolis, 173 AD2d 587), we find that no such modification occurred in this case. Plaintiff merely consented to Tiger's request to place a second mortgage on the property. No additional credit was advanced by plaintiff and there was no modification in either the monthly payments or the term of repayment. This accommodation neither altered nor had an adverse impact on the guarantors' obligation to plaintiff and, therefore, did not discharge their guarantees (see, Skrabalak v Rock, 208 AD2d 1100, 1102; State of New York v International Fid. Ins. Co., 152 AD2d 77). Moreover, the guarantees in this case were

---

* The parties subsequently entered into a stipulation in which the award was reduced to $956,304.80.

absolute, unconditional and provided for continuation with respect to obligations acquired after the execution of the guarantee (*cf., Trustco Bank v Sage*, 238 AD2d 839, *lv dismissed* 90 NY2d 935; *Banque Worms v Andre Cafe*, 183 AD2d 494; *Chase Manhattan Bank v Kahn*, 66 AD2d 704).

Despite additional discovery conducted during the adjournment of the motion, defendants failed to come forward with evidence in admissible form establishing the existence of a material issue of fact. Therefore, Supreme Court properly granted summary judgment to plaintiff (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). Defendants' contention that the granting of summary judgment was premature is without merit since they have not shown that further discovery, including depositions, may have yielded evidence sufficient to raise a triable issue of fact (*see, Smith v Fishkill Health-Related Ctr.*, 169 AD2d 309, *lv denied* 78 NY2d 864; *Kilduff v Shulman Off. Park Assocs.*, 167 AD2d 607).

We have considered the remainder of defendants' contentions and find them to be without merit.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.