■ THERESA JAMES et al., Respondents, v LESLIE CRYSTAL et al., Appellants. [699 NYS2d 738] —In an action to recover damages for medical malpractice and product liability, etc., the defendants Leslie Crystal and Mid-Island Hospital appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 9, 1998, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Pharmaseal, a Division of Baxter Corporation, appeals from the same order.

Ordered that the appeal of the defendant Pharmaseal, a Division of Baxter Corporation, is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion of Leslie Crystal and Mid-Island Hospital is granted, the complaint is dismissed insofar as asserted against those defendants, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the defendants

Leslie Crystal and Mid-Island Hospital payable by the plaintiffs.

During a surgical procedure upon the plaintiff Theresa James at the defendant Mid-Island Hospital (hereinafter Mid-Island), the tip of an epidural catheter allegedly manufactured by the defendant Pharmaseal, a Division of Baxter Corporation, broke off during the administration of an epidural anesthesia by the defendant Leslie Crystal. The plaintiffs contend that the catheter tip remains in James' body, although several X-rays and a CAT scan have failed to locate it.

After completion of discovery, Crystal and Mid-Island moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, and we reverse.

Crystal and Mid-Island presented sufficient evidence to establish as a matter of law that no foreign body exists in James' body. In response, the plaintiffs failed to offer evidence sufficient to demonstrate the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The opinion of the plaintiffs' expert that at times a radiopaque catheter cannot be detected by radiological studies and therefore it cannot be concluded the catheter tip is not lodged within James' body, was conclusory and speculative (*see, Ramos v Gross,* 150 AD2d 216). Conclusory allegations of malpractice unsupported by competent evidence are not sufficient to establish the merit of an action or to defeat a motion for summary judgment. Accordingly, the motion for summary judgment dismissing the complaint insofar as asserted against Crystal and Mid-Island must be granted. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.