■ ENCOTECH, INC., Appellant, v COTTON FACT, INC., et al., Respondents. [720 NYS2d 267] —Lahtinen, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 1, 2000 in Schenectady County, which, *inter alia,* denied plaintiff's motion for summary judgment.

Plaintiff entered into a "Seminar Use Agreement" with defendant Cotton Fact, Inc., and its principal, Kenneth C. Cotton (hereinafter Cotton), in November 1992. The agreement had a "commencement date" in the future to be determined by Cotton's inability or unwillingness to conduct the "K.C. Cotton Steam Turbine Performance Seminar." Plaintiff, in consideration of the payment of certain royalties, received, *inter alia,* the sole and exclusive right to conduct these seminars utilizing

the Cotton name, "seminar course material" to be used in conducting the seminar and a noncompetition agreement from Cotton Fact and Cotton. In 1993 Cotton authored a book about steam turbine performance referencing certain materials used in his seminar. In 1998, after Cotton's death, a second edition of the book was copyrighted and published by Cotton Fact and it, also, included content and materials used in the seminar. In 1999 defendant Mechanical Dynamics & Analysis, Inc. (hereinafter MD&A) began developing its own steam turbine seminar using Cotton's book and the expertise of defendants Deborah H. Cioffi and Sean McLenithan, both of whom had been fired by plaintiff during the summer of 1999 and immediately hired by MD&A.

In December 1999 plaintiff commenced this action alleging a cause of action for breach of the seminar use agreement against the Cotton defendants;[1] causes of action against the MD&A defendants[2] for tortious interference with contractual rights, misappropriation of trade secrets and tortious interference with prospective contract rights; and seeking injunctive relief by alleging a cause of action for unfair competition against all defendants. Upon commencement of the action plaintiff simultaneously moved for injunctive relief. Defendants answered collectively and cross-moved for summary judgment. In reply to defendants' cross motion, plaintiff requested summary judgment. Supreme Court denied all motions finding multiple questions of fact and denied plaintiff's request for injunctive relief because of a lack of showing of irreparable harm. Plaintiff now appeals arguing that it is entitled to summary judgment on its causes of action for breach of contract and tortious interference with contractual rights and, a fortiori, entitled to injunctive relief.

Faced with a motion for summary judgment, a court's task is issue finding rather than issue determination (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). The movant's position must be established by submission of evidentiary proof in admissible form sufficient to warrant judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). If the proponent of such motion does not tender evidence which would eliminate material issues of fact, the motion must be denied regardless of the sufficiency of the opposition (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). However, where the movant meets that burden, the

---

1. Cotton Fact, the estate of Kenneth C. Cotton, Ruth S. Cotton (Cotton's wife) and Betsy Cotton Gilson (Cotton's daughter).

2. MD&A, Cioffi, McLenithan, James R. Lindsey and Robert A. Coleman.

burden falls on the party opposing the motion to show facts sufficient to require a trial of an issue of fact (see, Burton v Ertel, 107 AD2d 909, 910).

With respect to plaintiff's breach of contract cause of action based in large part upon the Cotton defendants' failure to restrict the use of Cotton's book by MD&A for seminar purposes in violation of plaintiff's exclusive rights acquired under the seminar use agreement, we agree with Supreme Court that there are questions of fact not resolved by the submissions, including whether the exclusive use of the content of the book is contemplated under the subject agreement. For the same reason, plaintiff's motion for accelerated judgment against the MD&A defendants for tortious interference of contract rights must also fail since one of the elements of that cause of action requires plaintiff to prove that the Cotton defendants breached the underlying contract as a result of the MD&A defendants' inducement (see, Butler v Delaware Otsego Corp., 218 AD2d 357, 360).

Finally, we also agree with Supreme Court's decision to deny injunctive relief on the basis that any damage suffered by plaintiff as a result of the wrongful actions of defendants can be adequately compensated by money damages (see, e.g., Elpac, Ltd. v Keenpac N. Am., 186 AD2d 893, 895).

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.