(February 8, 2001)

■ RICHARD R. SCHUMAN, Respondent, v GALLET, DREYER & BERKEY, L. L. P., et al., Defendants, and DAVID BERKEY, Appellant. [719 NYS2d 864] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about April 13, 1999, which, in this action alleging, *inter alia*, legal malpractice, fraud, conversion and negligence in connection with the claimed misappropriation of certain escrow moneys entrusted to defendants, to the extent appealed from as limited by the brief, denied defendant Berkey's motion to dismiss the complaint as against him individually, unanimously affirmed, without costs.

The motion court correctly determined that the general

release executed by plaintiff, which discharged defendant law firm, also released defendant Berkey, a partner in the firm, from the same vicarious liability to plaintiff, even though he was not specifically named in the release (*see*, General Obligations Law § 15-107). However, it did not discharge Mr. Berkey in his individual capacity because "each partner, employee or agent of a partnership which is a registered limited liability partnership shall be personally and fully liable and accountable for any negligent or wrongful act or misconduct committed by him or her or by any person under his or her direct supervision and control while rendering professional services on behalf of such registered limited liability partnership" (Partnership Law § 26 [c] [i]).

The allegations of the verified complaint sufficiently state claims against Berkey individually for negligence, breach of fiduciary duty and legal malpractice in the supervision of the limited liability partnership's escrow account. Concur—Sullivan, P. J., Tom, Andrias, Ellerin and Rubin, JJ.