■ CRAIG SCHAUFLER, Respondent, v MENGEL, METZGER, BARR & COMPANY, LLP, et al., Appellants. [745 NYS2d 291] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered August 28, 2001 in Tompkins County, which partially denied defendants' motion for summary judgment dismissing the complaint.

By agreement effective October 1, 1998, plaintiff merged his accounting, tax, and business and financial planning services practice with defendant Mengel, Metzger, Barr & Company, LLP (hereinafter MMB). Plaintiff became a partner in MMB, and MMB expanded its practice—based in the City of Rochester, Monroe County, with branch offices in the Village of Fairport, Monroe County, and the City of Elmira, Chemung County—into the City of Ithaca, Tompkins County. Defendant Richard J. Mengel thereafter became MMB's managing partner. As a result of dissatisfaction with plaintiff's services, Mengel and another partner met with him in October 1999. Negotiations concerning the terms and conditions of a buyout of plaintiff's partnership interest were held from October 19, 1999 to October 25, 1999 when Mengel proposed to buy out plaintiff's interest for a total of $165,000, payable over a three-year period, contingent upon plaintiff "exiting public accounting" (with certain exceptions not pertinent herein), MMB retaining client billings of at least $200,000 during the three-year buy-out period in Ithaca and further contingent upon plaintiff signing a consulting/noncompeting agreement. Plaintiff asserts that he accepted this offer without further negotiation or counteroffer, claiming that further discussions involved only the parameters of the contingencies. Defendants claim that while plaintiff agreed to the dollar amount, he counterproposed that he not have to leave public accounting. On October 29, 1999, assertedly acting pursuant to section 8.3 of the partnership agreement, the partners voted to terminate plaintiff's partnership interest. Under this paragraph, entitled "Separation Without Determining Any Cause Therefor," a partner may be ousted by a 75% vote of the remaining partners. Given plaintiff's limited tenure with the partnership, he had no further or continuing interest in the firm.

Plaintiff thereupon brought this action seeking, inter alia, a declaratory judgment that he has a valid and binding contract for the buyout of his partnership interest, damages for the anticipatory breach thereof, and for libel and slander. Defendants' motion for summary judgment was denied by Supreme

Court, except with respect to the libel and slander cause of action. Defendants appeal from the denial of the balance of their motion.

A court's task on a motion for summary judgment is issue finding, not issue determination (*see, Encotech, Inc. v Cotton Fact*, 280 AD2d 748, 749). Our analysis of whether Supreme Court properly found the existence of issues of fact starts with the pertinent provisions of the partnership agreement. Section 10.1 gives the managing partner complete and sole management of the firm, except as to "certain specific matters" requiring a partnership vote. Section 3.6 defines the withdrawal of a partner as a voluntary act, while section 3.7 defines expulsion or separation as acts of the partnership terminating a partner's interest. Section 6.6 requires a 75% majority vote of the partners to either expel or separate a partner, but no vote is required for the withdrawal of a partner. Section 7.6 governs the withdrawal of a partner who is going to cease practicing, and section 7.7 governs the withdrawal of a partner who is not going to cease practice, but both require a 60-day written notice to the partnership. Finally, section 8.3 governs separation without determining cause which can be accomplished on the recommendation of the managing partner and a 75% majority vote of the partners. Defendants claim that (1) Mengel always acted in his representative capacity on behalf of the partnership and, therefore, incurred no personal liability, (2) the partnership had an absolute right pursuant to section 8.3 to terminate plaintiff's interest and (3) the partners rejected the terms of Mengel's proposal to plaintiff and voted to terminate him. As a result, defendants assert that no triable issues of fact exist.

We disagree and affirm. Plaintiff has persuasively argued that the negotiation of the purported buy-out contract is not governed by the partnership agreement. This was obviously not a voluntary withdrawal. Moreover, the partnership agreement makes no provision for the buy out of a partner when expulsion or separation, either for cause or without cause, is contemplated. Contrary to Supreme Court's finding that a triable issue of fact exists, we conclude that the negotiation of this buy-out agreement with plaintiff was within the powers delegated to the managing partner by section 10.1 and that no ratification vote is required by the partnership agreement. Nevertheless, we agree with Supreme Court that an issue of fact exists concerning whether plaintiff unconditionally accepted the buy-out proposal or whether he made a counteroffer (*see, e.g., King v King*, 208 AD2d 1143). This issue is not resolvable without a trial.

Finally, we agree with Supreme Court that defendants submitted insufficient evidence to establish that Mengel has no liability as a matter of law. Section 98 of the Limited Partnership Act (Partnership Law art 8) and section 121-303 (a) of the Revised Limited Partnership Act (Partnership Law art 8-A) impose traditional joint and several liability on a general partner and on a limited partner who also participates in the control of the business. Mengel's exact status remains a question of fact.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.