■ JILL DAMASKA, Respondent, v SELCUK KANDEMIR et al., Defendants, and JENNIFER KANDEMIR, Appellant. [760 NYS2d 842] —Order, Supreme Court, New York County (Walter Tolub, J.), entered December 30, 2002, which, inter alia, denied defendants' motion insofar as it sought to dismiss plaintiff's third cause of action against defendant Jennifer Kandemir, unanimously affirmed, without costs.

Plaintiff's third cause of action, seeking to impose liability upon defendant-appellant Jennifer Kandemir for the alleged tortious conduct of her husband while attending to a client of defendant Advanced Derma Tech, a limited liability partnership allegedly co-owned and operated by defendants Jennifer and Selcuk Kandemir, was properly sustained as against defendants' prediscovery motion seeking its dismissal pursuant to CPLR 3211. A partner in a limited liability partnership may be held liable for tortious conduct committed by another partner or individual working for the entity if the partner participates in the control of the business (*see Schaufler v Mengel, Metzger, Barr & Co.,* 296 AD2d 742, 744 [2002]) or if the person for whose conduct the partner is called upon to answer was, at the time of the misconduct, rendering professional services on behalf of the partnership under the partner's direct supervision and control (*see Schuman v Gallet, Dreyer & Berkey,* 280 AD2d 310 [2001]). Here, the complaint sufficiently stated a cause of action for negligence against appellant since it alleged that she participated in the control and operation of the business, and was aware of prior similar acts of misconduct committed by her officer-husband. Concur—Nardelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.