Cowan v Fish (2004 NY Slip Op 50198(U))

[*1]

Cowan v Fish

2004 NY Slip Op 50198(U)

Decided on March 29, 2004

Supreme Court, Ulster County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2004

Supreme Court, Ulster County
 CARRIE COWAN and EVERETT COWAN, Plaintiffs,
against
STANLEY FISH and JANE TOMKINS, Defendants.
INDEX NO. 020863

Appelbaum, Bauman, Appelbaum
Attorneys for Defendants
6 North Main Street
PO Box 310
Liberty, NY 12754
Bryan R. Kaplan, Esq. (Of counsel)
Finkelstein & Partners, LLP
Attorneys for Plaintiff
436 Robinson Avenue
Newburgh, NY 12550
Kara L. Campbell, Esq. (Of counsel)

Thomas J. Spargo, J.
The defendants move for an order pursuant to CPLR 3212 granting summary judgment dismissing the complaint upon the ground that the plaintiff Carrie Cowan did not sustain a serious injury as defined in the No-Fault insurance law.
This action seeks recovery for personal injuries and derivative damages allegedly sustained as a result an accident which occurred on August 17, 2000. Defendants' unattended car slipped into gear and struck a garbage can which then knocked plaintiff to the ground and pinned her against the entrance to a convenience store.
Plaintiff suffered bruises and abrasions to her head, shoulder, ribs, back, hips and legs. She has undergone an extensive course of treatment for her continuing pain, including physical therapy, acupuncture, spinal injections, chiropractic care and psychological counseling.
The defendants allege that the injuries sustained by the plaintiff do not rise to the level of serious injury as defined in Insurance Law section 5102(d). That section defines nine categories of serious injury:

"a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."
[*2]
The purpose of requiring proof of a serious injury in cases brought under the No-Fault Law is "to weed out frivolous claims and limit recovery to significant injuries" (Dufel v Green, 84 NY2d 795, 798). In order to satisfy the statutory serious injury threshold a plaintiff must present objective proof of a qualifying injury (Toure v Avis, 98 NY2d 345). Subjective or minor complaints of pain, disability or permanency are insufficient to defeat a properly supported motion for summary judgment or directed verdict (Scheer v Koubek, 70 NY2d 678, 679; Gaddy v Eyler, 79 NY2d 955, 957-958).
Summary judgment is "a drastic remedy and may be granted only when it is clear that no triable issue of fact has been presented" (Lebanon Valley Landscaping, Inc. v Town of Moriah, 258 AD2d 732, 733).
On a motion for summary judgment the court "should draw all reasonable inferences in favor the nonmoving party" (Salisbury v Salisbury, 175 AD2d 462, 463). Moreover, "statements of the party opposing a summary judgment motion are deemed to be true" (Hendley v Clark, 147 AD2d 347, 350).
The court's function on a motion for summary judgment is issue finding, not issue determination (Schaufler v Mengel, Metzger, Barr & Company, LLP, 296 AD2d 742, 743) and where a genuine issue of fact exists, the summary judgment motion must be denied (Fleet Bank v Tiger Racquet Fitness and Exercise Center, Inc., 255 AD2d 793, 794).
"As the proponent of the summary judgment motion, defendants bore the initial burden of establishing that plaintiff did not sustain a serious injury" (Sands v Stark, 299 AD2d 642, 643). In support of the motion, defendants submitted the plaintiff's medical records and the affirmations of two doctors (an orthopedic specialist and a neurologist) who examined plaintiff.
In the court's view, the defendants met their initial burden of establishing that the plaintiff did not sustain a serious injury, thus shifting the burden to the plaintiff to come forward with objective medical evidence of an injury within the definition set forth in section 5102 of the Insurance Law (Fitzmaurice v Chase, 288 AD2d 651, 653).
In particular, the plaintiff's medical records, together with the doctors' affirmations, could support a finding of mild or insignificant injuries from the accident.
The plaintiff argues that she suffers from Post-traumatic Stress Disorder (PTSD) and post-traumatic fibromyalgia which may qualify under the following serious injury categories:
1.A significant limitation of use of a body function or system; ...
2.a medically determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.
To establish a significant limitation of a body function or system a plaintiff must either submit evidence from the medical provider quantifying the degree of the limitation of motion or use (Santos v Marcellino, 297 AD2d 440, 442; Mikl v Shufelt, 285 AD2d 949, 950), or provide an expert's qualitative assessment of plaintiff's condition "provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (Toure v Avis, 98 NY2d 345; Dufel v Green, 84 NY2d 795, 798). The plaintiff is required to show more than a mild or minor limitation of use (Murphy v Arrington, 295 AD2d 865).
It is well-settled that "a causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury under the Insurance Law ..., such injury ... must also be established by objective medical evidence" (Bissonette v Compo, 307 AD2d 673, 674; see also Kristel v Mitchell, 270 AD2d 598, 599).
In particular, "a mental or emotional impairment may in certain circumstances constitute a 'significant limitation of use of a body function or system' under Insurance Law § 5102(d)" (Sellitto v Casey, 268 AD2d 753, 755). It is not necessary that the significant limitation be permanent (Preston v Young, 239 AD2d 729).
[*3]
With respect to PTSD, plaintiff relies principally upon her deposition transcript and the records, report and affidavit of her licensed Clinical Psychologist, Lawrence E. Dresdale, Ph.D.
Dr. Dresdale treated plaintiff from October 2, 2000 until at least August 15, 2003. This treatment included five hours of diagnostic interviews and testing which resulted in a diagnosis of Posttraumatic Stress Disorder and Pain Disorder Associated with both Psychological Factors and a General Medical Condition (acute pain in back and headaches due to injury). The diagnosis was confirmed by the no-fault independent medical evaluation of Ian O. Reid, Psy.D.
Plaintiff was treated by Dr. Dresdale on sixty-five (65) occasions, in addition to the five diagnostic sessions. The notes of these sessions detail a significant and consequential mental and emotional injury suffered by the plaintiff. The notes demonstrate a multitude of functional impairments plaintiff has suffered, especially with regard to her relationships with her husband, child, family and friends (as to the admissibility of the notes on this motion, see Pagels v PVS Chemicals, Inc., 266 AD2d 819, 820).
These impairments include depression, muscle tension, anxiety, anger, intrusive memories and dreams, sleep loss and nightmares, loss of control, hyperarousal and hypervigilance. Dr. Dresdale opines in his affidavit that plaintiff's PTSD was traumatically induced by the accident and is "chronic and ongoing."
Defendants did not have plaintiff or her records evaluated by an expert with respect to the claim of PTSD.
The court finds that plaintiff has sufficiently raised an issue of fact as to whether, as a result of PTSD, she has sustained a significant limitation of use of a body function or system (Chapman v Capoccia, 283 AD2d 798, 800).
Plaintiff has been diagnosed by a rheumatologist, H. Paul Lasky, M.C., as suffering from post-traumatic fibromyalgia (a chronic pain condition) based upon her prolonged history of fatigue, sleep loss and widespread debilitating pain despite the varied and extensive course of treatment she has endured. His diagnosis is further supported by his own finding of 17 out 18 "very positive fibrositis tender points with either borderline or negative control points." Dr. Lasky affirms, to a reasonable degree of medical certainty, that plaintiff suffers from significant, chronic pain.
Defendants' examining doctors assert that the plaintiff suffered a cervical and lumbrosacral sprain and a contusion to her right shoulder as a result of the accident. Dr. Hendler does not dispute that plaintiff suffers from fibromyalgia but simply offers his unexplained conclusion that the accident did not cause her condition.
A combination of PTSD and physical injuries, each insufficient by themselves to constitute a significant limitation of use of a body function or system, may demonstrate a "medical impairment which prevented her from performing her usual and customary activities for 90 out of the 180 days following the accident" (Sellitto, 268 AD2d at 755).
The court finds that plaintiff has sustained a medically determined injury and that the accident was a cause of the injury. The disruption of plaintiff's usual and customary activities must be "to a great extent rather than some slight curtailment" (see Bennett v Reed, 263 AD2d 800, 801).
Neither plaintiff nor Dr. Lasky have adequately shown what physical activities plaintiff has been, or will be, unable to perform as a result of her condition. Plaintiff has therefore failed to raise an issue of fact as to the 90/180 day category (Lanuto v Constantine, 192 AD2d 989, 991).
The motion for summary judgment is denied.
All papers, including this decision and order, are being returned to plaintiffs' counsel. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
This constitutes both the decision and the order of the court.
IT IS SO ORDERED.
[*4]
DATED: KINGSTON, NEW YORK
 MARCH 29, 2004
 THOMAS J. SPARGO, JSC
Decision Date: March 29, 2004