Carmody v Sass (2004 NY Slip Op 50544(U))

[*1]

Carmody v Sass

2004 NY Slip Op 50544(U)

Decided on June 7, 2004

Supreme Court, Ulster And Orange County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 7, 2004

Supreme Court, Ulster and Orange County
CHARLENE CARMODY, Plaintiff,
against
LOUIS SASS, Defendant.
02-2910

DeCicco, Gibbs & McNamara, P.C., Attorneys for 3rd Party Defendants Swartz, 14 East 38th Street, New York, NY 10016 Michael J. Sweeney, Esq. (Of counsel)
Grogan & Souto, P.C., Attorneys for Defendant/3rd Party Defendant Sass, Court Plaza, PO Box 330, Goshen, NY 10924 Edward P. Souto, Esq. (Of counsel)
Steven M. Melley, Esq., Attorney for Plaintiff Carmody, 24 Closs Drive, Rhinebeck, NY 12572
Finkelstein & Partners, LLP, Attorneys for Plaintiff Swartz, 436 Robinson Avenue, Newburgh, NY 12550 Terry D. Horner, Esq. (Of counsel)

Thomas J. Spargo, J.
Third party defendants Swartz move for summary judgment dismissing the 3rd party complaint in action 1. Plaintiff Jenny Swartz moves for summary judgment in action 2 on the issue of the liability of defendant Sass in causing the subject car accident. Plaintiff Carmody cross-moves for summary judgment also on the issue of the liability of defendant Sass in action 1.
These actions arise out of a three car accident which occurred on June 17, 2002 at the intersection of State Route 52 and Black Hawk Road in Pine Bush, New York. Plaintiff Carmody was driving west on Route 52 and claims she intended to proceed through the Black Hawk Road intersection. Plaintiff/3rd party defendant Swartz was proceeding east on Route 52 and also testified that she intended to proceed through the Black Hawk Road intersection. Defendant/3rd party plaintiff Sass was driving on Black Hawk Road and intended to turn left onto Route 52. The intersection was controlled by a stop sign facing Sass.
As Swartz entered the intersection, Sass attempted a left turn onto Route 52 and struck Swartz' car causing it to strike the Carmody vehicle. Sass alleges that he entered the intersection only after stopping and being invited in by Carmody, who, according to Sass, was stopped to make a left turn onto Black Hawk Road. Sass further testified that he never saw the Swartz car because he was blinded by the sun. Carmody denies that she invited Sass into the intersection.
Summary judgment is "a drastic remedy and may be granted only when it is clear that no triable issue of fact has been presented" (Lebanon Valley Landscaping, Inc. v Town of Moriah, 258 AD2d 732, 733).
On a motion for summary judgment the court "should draw all reasonable inferences in favor the nonmoving party" (Salisbury v Salisbury, 175 AD2d 462, 463). Moreover, "statements of the party opposing a summary judgment motion are deemed to be true" (Hendley v Clark, 147 AD2d 347, 350).
The court's function on a motion for summary judgment is issue finding, not issue determination (Schaufler v Mengel, Metzger, Barr & Company, LLP, 296 AD2d 742, 743) and where a genuine issue of fact exists, the summary judgment motion must be denied (Fleet Bank v Tiger Racquet Fitness and Exercise Center, Inc., 255 AD2d 793, 794).
Swartz is granted summary judgment against Sass dismissing the 3rd party complaint and, in action 2, on the issue of the negligence of Sass in causing the accident. The record shows that Swartz had the right of way as she entered the intersection and was entitled to anticipate that Sass would comply with the stop sign and yield to her approaching vehicle (Rowe v Harrison, 303 AD2d 863; O'Hara v Tonner, 288 AD2d 513, 514-515).
Contrary to the claim of Sass, there is no evidence in the record raising a genuine factual issue as to a violation by Swartz of Vehicle and Traffic Law § 1180[e] (see Mosch v Hanson, 295 AD2d 717, 718). "Subdivision (e) of Vehicle and Traffic Law § 1180, when read in conjunction with subdivision (a), does not mandate that a driver reduce his or her speed at every intersection, [*2]but only when warranted by the conditions presented" Bagnato v Romano, 179 AD2d 713, 714, lv denied 81 NY2d 701).
The unrebutted testimony of Swartz is that she was driving below the speed limit and Sass has failed to present evidence of any condition which required Swartz to further reduce her speed. Swartz applied her brakes when she saw Sass ignore the stop sign. The record contains no proof that Swartz could have done anything to avoid the accident.
The motion of plaintiff Carmody for summary judgment is denied. A triable issue of fact is raised as to whether, under the circumstances of this case, Carmody's alleged invitation to Sass to enter the intersection was a proximate cause of the accident (see Giraldo v Rossberg, 297 AD2d 534, 535.
All papers, including this decision and order, are being returned to attorney Sweeney. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relating to filing, entry and notice of entry.
This constitutes both the decision and the order of the court.