Rios, J.
(dissenting and voting to affirm the judgment in the following memorandum). Plaintiff commenced this action to recover assigned first-party no-fault benefits. Plaintiffs assignor was insured under an automobile insurance policy issued in the State of Florida, which contained a provision allowing for the retroactive cancellation of the policy if the policyholder made a “false, misleading” statement in the application for insurance. Six months following the accident involving plaintiffs assignor, defendant disclaimed coverage based on its decision to void the policy ab initio. At trial, the insurance company presented no evidence other than its conclusion that the policy had been cancelled.
As the insurance policy was contracted in Florida, that state’s laws regarding cancellation are applicable (see Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56 [2000]). While Florida law allows for the retroactive cancellation of an automobile policy based on a material misrepresentation (see Fla Stat Ann § 627.409), the courts of Florida require the production of evidence that establishes the material misrepresentation.
*59 An insurer seeking to rescind a policy pursuant to Florida Statutes Annotated § 627.409 must prove detrimental reliance on the false statement (see Griffin v American Gen. Life & Acc. Ins. Co., 752 So 2d 621 [Fla Dist Ct App, 2d Dist 1999]; Boca Raton Community Hosp., Inc. v Brucker, 695 So 2d 911 [Fla Dist Ct App, 4th Dist 1997]), and it is for the trier of fact to determine if the breach is material (see United Servs. Auto. Assn. v Clarke, 757 So 2d 554 [Fla Dist Ct App, 4th Dist 2000]). In applying Florida law to the issue of cancellation, the Appellate Division held that sufficient evidence was required to demonstrate that the policy would not have been issued but for the misrepresentation (see Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d 855 [2009]).
Here, no competent evidence was presented to establish the claim of misrepresentation other than the conclusion of the insurer (see Matter of Centennial Ins. Co. v Capehart, 220 AD2d 499 [1995]; Matter of Electric Ins. Co. v Woods, 101 AD2d 840 [1984]; Viuker v Allstate Ins. Co., 70 AD2d 295 [1979]; Sanchez v Maryland Cas. Co., 67 AD2d 681 [1979]; see also Penaranda v Progressive Am. Ins. Co., 747 So 2d 953 [Fla Dist Ct App, 2d Dist 1999]). Therefore, I would affirm the judgment in favor of plaintiff on this ground.
Pesce, EJ., and Aeiotta, J., concur; Rios, J., dissents in a separate memorandum.